1
2

Anthony Paul Manrique
718 Silverwood Avenue.,
Upland, CA 91786
Phone: (909)985-1869

3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13

In Re:

ANTHONY PAUL MANRIQUE,

                  Debtor(s)

**USDC Case No.: 5:16-cv-00708-DOC**

**Bankruptcy Court Case No.:
6:15-BK-10650-SY**

**APPELLANT'S OPENING BRIEF**

14
15
16
17
18
19
20

ANTHONY PAUL MANRIQUE
               Appellant

    v.

U.S. BANK NATIONAL ASSOCIATION et
al

             Appellee/s

21
22
23
24
25
26
27
28

i

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................... 01

II. STATEMENT OF JURISDICTION ............................................ 02

III. STANDARD OF REVIEW ...................................................... 02

IV. PROCEDURAL HISTORY RELEVANT TO THIS APPEAL ............. 03

V. STATEMENT OF FACTS RELEVANT TO THIS APPEAL.............. 06

    A. NEITHER IS U.S. BANK N.A. AS TRUSTEE NOR IS

        NATIONSTAR MORTGAGE LLC., A CREDITOR

        UNDER THE DEED OF TRUST............................................. 06

    B. CONFLICTING CLAIMS TO DEBTOR'S NOTE...................... 07

    C. CONFLICTING CLAIMS TO DEED OF TRUST...................... 10

    D. U.S. BANK" AND "NATIONSTAR" ARE NEITHER PARTIES

        WITH STANDING TO MAKE A CLAIM OR REAL PARTIES

        IN INTEREST................................................................. 12

VI. STATEMENT OF ISSUES........................................................ 14

    1. Whether or not Bankruptcy court erred as a matter of law when it

       denied Debtor's Objection to Claim No. 3 when it contains factual and

       legal basis that are consistent with California Court of Appeals decision

       in *Glaski v. Bank of America*, N.A., 218 Cal. App. 4th 1079 (2013), and

       upheld by California Supreme Court decision in *Yvanova v. New Century*

       *Mortgage Corp.* et al 62 Cal. 4th 919; --- P.3d ----, 2016 WL 639526,

       16 Cal. Daily Op. Serv. 1783, 2016 Daily Journal D.A.R. 1619........... 14

         § 502(B)(1) EXPLICITLY DIRECTS A BANKRUPTCY COURT TO

         DISALLOW A CLAIM IF A LEGITIMATE NON-BANKRUPTCY LAW

         DEFENSE EXISTS............................................................ 14

    A. JUST BECAUSE SOMEONE IS OWED MONIES ANYONE CAN COLLECT

        IT WOULD BE AN "ODD RESULT"......................................... 15

    B. A VOID CONTRACT IS WITHOUT LEGAL EFFECT......................... 16

ii

C. THE COURT ERRED IN PLACING THE BURDEN OF PROOF ON THE
DEBTOR........................................................................ 17

2. WHETHER OR NOT BANKRUPTCY COURT ABUSED ITS
DISCRETION WHEN IT REFUSED TO RECONSIDER ITS DECISION
THAT WAS CLEARLY BASED ERRONEOUS FINDING OF FACT
AND APPLICATION OF THE LAW........................................... 20

VII.   CONCLUSION........................................................................ 21

Certificate of Word Count

EXHIBITS 1 through 16

Proof of Service

iii

# TABLE OF AUTHORITIES

**Cases**

27 Cal.3d at p. .................................................................................................................. 13

*Ashford v. Consolidated Pioneer Mortgage* (In re Consolidated Pioneer Mortgage)

, 178 B.R. 222 (B.A.P. 9th Cir. 1995) ........................................................................ 19

*Bacardi Intern. Ltd. v. V. Suarez & Co., Inc.,*

719 F.3d 1, 85 Fed. R. Serv. 3d 556 (1st Cir. 2013) .......................................... 20, 21

*Boone v. United States,*

*944* F.2d 1489 (9th Cir. 1991) .................................................................................... 2

California Water & Telephone Co. v. County of Los Angeles

(1967) 253 Cal. App.2d 16 [61 Cal. Rptr. 618] ........................................................ 13

*City of Duluth v. Fond du Lac Band of Lake Superior Chippewa,*

785 F.3d 1207 (8th Cir. 2015) .................................................................................. 20

*City of Los Angeles v. County of Kern,*

581 F.3d 841 (9th Cir.2009) ..................................................................................... 12

*Cmty. Dental Servs. v. Tani,*

282 F.3d 1164 (9th Cir.2002) ................................................................................... 20

*Cooter & Gell v. Hartmax Corp.,*

*946 U.S. 384 (1990)* .................................................................................................. 2

*Dapec, Inc. v. Small Bus. Admin. (In re MBA Poultry, LLC),*

291 F.3d 528 (8th Cir.2002) ....................................................................................... 2

Del Mar Beach Club Owners Assn. v. Imperial Contracting Co.

(1981) 123 Cal. App.3d 898 [176 Cal. Rptr. 886, 25 A.L.R.4th 336] ..................... 13

*Diamant,*

165 F.3d ..................................................................................................................... 19

*Doran v. 7–Eleven, Inc.,*

524 F.3d 1034 (9th Cir.2008) .................................................................................... 14

iv

*Garner*,
   246 B.R............................................................................................................... 19

*Glaski v. Bank of America*, N.A.,
   218 Cal. App. 4th 1079 (2013)............................................................................. 14

Hatchwell v. Blue Shield of California
   (1988) 198 Cal. App.3d 1027 [244 Cal. Rptr. 249] ................................................ 13

*In re Conejo Enters.*,
   96 F.3d 346 (9th Cir. 1996).................................................................................... 2

*In re Distrigas Corp.*,
   75 B.R. 770 (Bankr. D. mass. 1987) .................................................................... 18

*In re fidelity Holding Co.*, Ltd.,
   837 F. 2d 696 (5th Cir. 1988)........................................................................ 18, 19

*In re Greene*,
   71 B.R. 104 (Bankr. S.D.N.Y. 1987) ............................................................ 18, 19

*In re Lee*,
   179 B.R. 149 (Bankr. 9th Cir. *1995*)..................................................................... 2

*In re Nat'l Environ. Waste Corp.*,
   129 F.3d 1052 (9th cir. 1997)................................................................................. 2

*In re Sierra Steel, Inc.*,
   96 B.R............................................................................................................ 18, 19

*In re VTN, Inc.*,
   69 B.R. 1005 (Bankr. S.D. Fla, 1987)................................................................... 18

*Oregon v. Legal Servs. Corp.*,
   552 F.3d 965 (9th Cir.2009)................................................................................. 14

Simon v. Eastern Ky. Welfare Rights Org.
   (1976) 426 U.S. 26 [48 L.Ed.2d 450, 96 S.Ct. 1917]............................................. 13

*Society of Plastics Indu. v County of Suffolk*,
   77 N.Y.2d 761 (N.Y. 1991).................................................................................. 19

*Sprint Commc'ns Co. v. APCC Servs., Inc.,*
   554 U.S. 269, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008) .................................................. 13, 14

*Stocks v. City of Irvine*
   114 Cal.App.3d 520 (1981).................................................................................................. 12

*TPZ Corp. v Dabbs,*
   25 A.D.3d 787 (N.Y. 2006)................................................................................................. 19

*United Food & Comm'l Workers Union Local 751 v. Brown Grp., Inc.,*
   517 U.S. 544, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996) ............................................... 13

*United States v. Hickson,*
   585 F.3d 1247 (9th Cir. 2009)............................................................................................... 2

*Vance v. Am. Hawaii Cruises, Inc.,*
   789 F.2d 790 (9th Cir. 1986)............................................................................................... 15

*Veal v. Am. Home Mortgage Servicing, Inc. (In re Veal),*
   450 B.R. 897 (9th. Cir. BAP 2011).................................................................................... 12

*Warth v. Seldin,*
   422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ........................................... 12, 14

*Wells Fargo Bank Minn., N.A. v. Mastropaolo,*
   42 A.D.3d 239 (N.Y. 2007).................................................................................................. 18

*Winn,*
   131 S.Ct..................................................................................................................................... 13

*Wright v. Holm (In re Holm),*
   931 F.2d 620 (9th Cir. 1991)............................................................................................... 19

*Yvanova v. New Century Mortgage Corp.,*
   62 Cal.4th 919 (2016)................................................................................................. passim

**Statutes**

11 U.S.C. § 502(a) ........................................................................................................................ 13

28 U.S.C. 1334................................................................................................................................... 2

U.S.C. § 158(a)(1)............................................................................................................................. 2

§ 502(B)(1) .......................................................................................................................... 15, 19

**Rules**

Bankr. Pr. 9014 ................................................................................................................... 13, 15

Federal Rule of bankruptcy procedure 3001(f) ...................................................................... 17

Federal Rule of Bankruptcy Procedure 8013 .......................................................................... 2

Rule 3001(d) .......................................................................................................................... 18

Rule 9014(c) ........................................................................................................................... 15

Other Authorities

2012 or 2013 ........................................................................................................................... 17

## **CERTIFICATION AS TO INTERESTED PARTIES**

The undersigned certifies that the following parties have an interest in the outcome of this appeal. These representations are made to enable judges to evaluate possible disqualification or recusal.

1. U.S. Bank National Association;
2. Lehman LX Trust Mortgage pass-through Certificates, Series 2007-16N;
3. Nationstar Mortgage LLC;
4. Bank of America N.A.;
5. PARK GRANADA 10212670.1 SR;
6. AURORA MSF LEHMAN(LXS2007-16N);
7. U.S. Bank Corporate Trust Services;
8. LXS 2007-16N;
9. LEHMAN BROTHERS HOLDING INC;
10. Countrywide Home Loans, Inc.,
11. Mortgage Electronic Registration Systems, Inc.

Dated: July 13, 2016

Respectfully Submitted,

Anthony Paul Manrique
Appellant

viii

## CERTIFICATION AS TO RELATED CASES

The Undersigned certifies there are no related cases and appeals before the United States District Court and United States Court of Appeals for the Ninth Circuit which address the subject matter of the foregoing appeal or are otherwise related which appellants are aware.

Dated: July 13, 2016

Respectfully Submitted,

Anthony Paul Manrique
Appellant

ix

I.

**INTRODUCTION**

Appellant ANTHONY PAUL MANRIQUE (hereafter referred to as "Appellant" and/or "debtor") representing himself does hereby submit Appellant's Opening Brief in support of his appeal of the United States Bankruptcy Court's Order denying debtor's Objection to Claim and subsequent Motion to Reconsider its Order Denying Objection to Claim by a third party to debtor's debt instruments and obligations under the Note and deed of trust and contrary to California Supreme Court's opinion rendered in *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016) ("*Yvanova*").

After eight different entities at eight different times claimed to be a creditor of the debtor's debt obligations and collected monies under the pretext of being a creditor, comes now a tenth entity filing a proof of claim in debtor's bankruptcy proceedings as a creditor and after debtor's deed of trust had been assigned to a ninth entity by a non-party to the debtor's debt instruments. In denying debtor's objection to claim, the Bankruptcy Court reasoned that since no other entity has filed a proof of claim in debtor's bankruptcy proceedings, the entity that filed the proof of claim is entitled to a payment, a reasoning that has been expressly rejected by the Supreme Court in "*Yvanova*" *supra* 62 Cal. 4th at p. 938 when it implied that it would be an "odd result indeed" were the court were to conclude a homeowner had no recourse where anyone, even a stranger to the debt, had declared a default and ordered a trustee's sale. On the issue of debtor's standing to object to such claims the Supreme Court stated "Banks are neither private attorneys nor bounty hunters, armed with a roving commission to seek out defaulting homeowners and take away their homes in satisfaction of some other bank's deed of trust. *Yvanova*" *supra* 62 Cal. 4th at p. 938.

A homeowner…has standing to challenge that assignment as void because success on the merits would prove that the purported assignee is not, in fact, the mortgagee and therefore lacks any right to foreclose on the mortgage."*Yvanova*" *supra* 62 Cal. 4th at p. 935-936. It is incomprehensible as to why the Bankruptcy court cannot apply this explanation to debtor's objection to claim.

1

1    **Please Note**: Appellant had 1644 pages of document but has only utilized those

2    documents relevant to this appeal. Every document contained herein are obtained from

3    bankruptcy court files and are bate stamped and may not be consecutively bate-stamped because

4    of omission of documents that may not be relevant to this appeal.

5                                                    II.

6                                **STATEMENT OF JURISDICTION**

7    This court has jurisdiction to hear appeals from the bankruptcy court pursuant to 28

8    U.S.C. § 158(a)(1) AND 28 U.S.C. 1334, because this appeal is taken from a final order of the

9    Bankruptcy Court denying debtor's objection to claim and his motion to reconsider order

10   denying objection to claim (hereinafter referred to as "Order"). *See In re Nat'l Environ. Waste*

11   *Corp.,* 129 F.3d 1052, 1054 (9th cir. 1997)(citing *In re Conejo Enters.,* 96 F.3d 346, 351 (9th Cir.

12   1996).

13                                                   III.

14                                  **STANDARD OF REVIEW**

15            In the Ninth Circuit, where there are mixed questions of fact and law, the appellate court

16   may conduct a "de novo" review. *Boone v. United States, 944* F.2d 1489, 1492 (9th Cir. 1991);

17   *In re Lee,* 179 B.R. 149, 155 (Bankr. 9th Cir. *1995).* The Appellate court may review for "abuse

18   of discretion" pursuant to Federal Rule of Bankruptcy Procedure 8013. The abuse of discretion

19   test involves two distinct determinations: first whether the court applied the correct legal

20   standard; and second whether the factual findings supporting legal analysis were clearly

21   erroneous. *United States v. Hickson,* 585 F.3d 1247, 1261-63 (9th Cir. 2009) (en Banc). If the

22   court failed to apply the correct legal standard, then it has "necessarily abused its discretion."

23   *Cooter & Gell v. Hartmax Corp., 946 U.S. 384, 405 (1990).* While on appeal, the appellate court

24   reviews the "Order" filed and entered on November 16, 2015 (Dkt. No. 68) & April 7, 2016

25   (Dkt. No. 97) and conclusions of law upon which it is based and reviews bankruptcy court's

26   findings of fact for clear error, this appeal involves mixed questions of fact and law the appellate

27   court may conduct a "de novo" review. *Dapec, Inc. v. Small Bus. Admin. (In re MBA Poultry,*

28   *LLC),* 291 F.3d 528, 533 (8th Cir.2002).

                                                    2

IV.

## PROCEDURAL HISTORY RELEVANT TO THIS APPEAL

1. On or about June 27, 2007, Debtor and Alisa Arlene Manrique (collectively, the "Borrowers") executed a _non negotiable_ **Payment Advantage Fixed/Adjustable Rate Note** (the "Note") in the original principal sum of #388,000.00, which was made payable to Countrywide Home Loan, Inc. dba America's Wholesale lender ("Lender"), A New York Corporation.  See **Exhibit No. 2**: Dkt. No. 45: pg. 28.

2. According to the "Note" in ¶ 9 in relevant part states "_Any person who is a guarantor, surety, endorser of this Note **is also** obligated to do these things (to keep all the promises made in this Note)_".  It further states "_The Note Holder may enforce its rights under this Note against each person individually or against **all of us together**.  This means that anyone of us may be required to pay all the amounts owed under this Note_." See **Exhibit No. 2**: Dkt. No. 45: pg. 31.

3. On January 26, 2015, Appellant Anthony Paul Manrique "the Debtor" filed for voluntary Chapter 11 petition in an attempt to reorganize his debt obligation with various creditors including his secured debt obligations in favor of America's Wholesale lender. The case was assigned a Case Number: 615-bk-10650-SY. See **Exhibit No. 1:** Dkt. No.1: A True and correct copy of the Bankruptcy case summary as of July 11, 2016 in Case No. 6:15-bk-10650-SY which is attached hereto and is incorporated herein by that reference.

4. On March 6, 2015 "U.S. Bank" and "Nationstar" collectively claiming to be _creditors_ filed a Proof of Claim (See Claims Register, Claim No. 3-1).  The claim incorrectly reflects a basis for the claim as "Money Loaned" and basis for perfection of their claim as "Deed of Trust".  It further incorrectly states the Amount of Claim to be $492,647.50 and amount of arrearages and other charges as of the time the case was filed and included in the secured claim to be $45,117.94 supported by a print out of a self serving document titled Annual escrow Account and disclosure statement. See **Exhibit No. 2**: Dkt. No. 45: pgs. 17-59.

5. On April 17, 2015 pursuant to § 1024.36 of Regulation X, Debtor through counsel wrote to the claimant seeking information as to the mortgage loan claimed by Nationstar Mortgage LLC as a creditor. See **Exhibit No. 2**: Dkt. No. 45: pgs. 61-65.

6. Nationstar Mortgage LLC refused to respond.

7. On July 22, 2015 Debtor filed his Objection and Objection to Proof of Claim No. 3 filed by U.S. Bank National Association, as Trustee for Lehman LX Trust Mortgage pass-through Certificates, Series 2007-16N. The objection to claim seeks a determination as to the real party I interest, the validity of the Claim including amount of principal and interest due and other related determinations. See **Exhibit No. 2**: Dkt. No. 45: pgs. 1-65.

8. On September 23, 2015 U.S. Bank National Association filed their response to debtor's Objection to Proof of Claim along with a declaration from Nationstar Mortgage LLC in support of its response to debtor's objection to Proof of Claim No. 3 filed by U.S. Bank National Association. See **Exhibit No. 3**: Dkt. No. 51: pgs. 1-49.

9. On October 15, 2015 debtor filed his reply and opposition to Response to debtor's to Proof of Claim No. 3 filed by U.S. Bank N.A See **Exhibit No. 4**: Dkt. No. 60: pgs. 1-44 **AND** debtor's evidentiary objection to declaration by Hazel Salinas of Nationstar Mortgage, LLC. See **Exhibit No. 5**: Dkt. No. 59: pgs. 1-8. Respectively.

10. On October 18, 2015 debtor also filed his declaration in support of his reply to and opposition to response to debtor's objection to proof of claim no. 3. See **Exhibit No. 6**: Dkt. No. 62: pgs. 1-44.

11. On October 29, 2015 a hearing was held on debtor's Objection to claim No. 3 filed by U.S. Bank N.A. and a true and correct copy of the transcript of hearing held on October 29, 2015 is attached hereto as **Exhibit No. 7**: Dkt. No. 72 filed on 11/21/2015:pgs 1-14.

12. On November 16, 2015 the Bankruptcy Court issued a Ruling overruling debtor's objection to proof of claim filed by U.S. Bank N.A. See **Exhibit No.8**:Dkt. No. 68:pgs 1-2.

13. In anticipation of converting debtor's objection to claim process into an adversary proceeding debtor did not appeal the ruling of the Bankruptcy court.

4

14. However on the heels of an anticipated decision by the California Supreme Court in *Yvanova v. New Century Mortgage Corp* 62 Cal.4[th] 919 (2016) that was decided on February 18, 2016 debtor filed his motion to reconsider order denying objection to claim on January 15, 2016 AND declaration in support of his motion to reconsider denying objection to claim.   See **Exhibit No. 9**: Dkt. No. 75: pgs 1-20. AND See **Exhibit No. 10**: Dkt. No. 76: 2 pages of 1476 PAGES.

15. On February 18, 2016 the California Supreme Court decided *Yvanova v. New Century Mortgage Corp* 62 Cal.4[th] 919 (2016) and debtor filed his notice and request for judicial notice in support of his motion to reconsider denying objection to claim on March 15, 2016.   See **Exhibit No. 11**: Dkt. No. 88: pgs 1-37.

16. On March 3, 2016 Nationstar Mortgage LLC., filed its opposition to debtor's motion for reconsideration of order denying objection to claim.   See **Exhibit No. 12**: Dkt. No. 85.

17. On March 16, 2016 Nationstar Mortgage LLC., filed its opposition to debtor's request for judicial notice of the opinion of California Supreme Court case *Yvanova v. New Century Mortgage Corp* 62 Cal.4[th] 919 (2016) decided on February 18, 2016. See **Exhibit No. 13**: Dkt. No. 89.

18. On March 17, 2016 a hearing was held on debtor's motion to reconsider order denying objection to claim no. 3 filed by U.S. Bank N.A. and a true and correct copy of the 26 page transcript of hearing as transcribed by the court reporter is attached hereto as **Exhibit No. 14**

19. On April 7, 2016 the court entered a 2 page order denying debtor's motion to reconsider order denying claim objection. See **Exhibit No. 15**: Dkt. No. 97.

20. Soon thereafter debtor filed his objection to the entry of order denying motion for reconsideration on grounds that the order is contrary to the findings and opinion  in California Supreme Court case *Yvanova v. New Century Mortgage Corp* 62 Cal.4[th] 919 (2016) decided on February 18, 2016 which is based upon allegations of void assignments and the holding was affirmed by the United States District Court in *Lundy v. Selene Finance, LP* 2016 *WL 1059423 (N.D. Cal. Mar. 17, 2016) where the federal court*

5

*decided state law issues by predicting how the state supreme court would rule on the issue.* See **Exhibit No. 16**: Dkt. No. 98.

## V.

## STATEMENT OF FACTS RELEVANT TO THIS APPEAL

### A. NEITHER IS U.S. BANK N.A. AS TRUSTEE NOR IS NATIONSTAR MORTGAGE LLC., A CREDITOR UNDER THE DEED OF TRUST

One of the most controversial fact that this court should take judicial notice of in this case, is the fact that Nationstar Mortgage LLC that has filed the proof of claim through counsel in debtor's bankruptcy and has not at any time acknowledge that it is a creditor but claims to be an entity where notices and payment should be sent. See **Exhibit 2**: page 17.

Further Hazel Salinas who claims to be an Assistant Secretary of Nationstar Mortgage LLC has stated under penalty of perjury under the laws of the State of California that Nationstar has the contractual right and responsibility to service the loan on U.S. Bank national Association, as Trustee for Lehman XS Trust Mortgage Pass Through Certificates, Series 2007-16N. See **Exhibit 2**: Doc 51: page 14 of 49: Lines 14-16.

She further states that Nationstar acts as an agent for U.S. Bank as the loan servicer. See **Exhibit 2**: Doc 51: page 14 of 49: Lines 17-18.

**However**, publicly recorded document recorded on **8/26/2013 in** ~~Riverside~~ San Bernardino **County Recorder's office as Instrument number 2013-0373484** and executed by a Jeff Harlan claiming to be assistant Secretary of Bank of America N.A. indicates that Bank of America N.A. assigned the deed of trust to NATIONSTAR MORTGAGE LLC on July 30, 2013 BUT Nationstar Mortgage LLC does not claim to be a creditor and to the contrary claims to be an agent of the purported creditor as a servicer of the loan on U.S. Bank national Association, as Trustee for Lehman XS Trust Mortgage Pass Through Certificates, Series 2007-16N. See **Exhibit: No. 6**. Dkt. No.62: Bates 000262 000263.

Further U.S. Bank claims to be a creditor pursuant to an assignment of deed of trust executed by a Faith DeJesus of Bank of America N.A. claiming to be an Assistant Secretary, on

6

1  **August 03, 2012 and recorded in official records on August 14, 2012 as instrument number**

2  **2012-0325783.** See **Exhibit: No. 6**. Dkt. No.62: Bates 000260- 000261.

3       Thus two separate entities namely U.S. Bank N.A, As trustee received an assignment of

4  the deed of trust on **August 3, 2012** from Bank of America and THEREAFTER on **August 26,**

5  **2013** the same deed of trust was assigned to Nationstar Mortgage, LLC by Bank of America

6  N.A. and yet Nationstar Mortgage LLC disclaims any interest in the deed of trust as a creditor

7  while claiming to be an agent of U.S. Bank N.A. As Trustee and servicer of the loan while an

8  assignment of deed of trust was recorded in official records on **8/26/2013 exactly one year after**

9  **U.S. bank was assigned the same deed of trust**.

10      Both the assignments as recorded in the official records are *void ab initio* and neither

11  U.S. Bank, N.A. Nor Nationstar Mortgage LLC are assignees of debtor's deed of trust that has

12  been claimed by eight different entities prior to the assignments that was caused to be recorded

13  by Bank of America N.A. and has been reflected in various documents filed by the debtor in

14  support of his objection to claim as follows:

15                  **B. CONFLICTING CLAIMS TO DEBTOR'S NOTE**

16  Throughout the servicing of the purported debt there have been several claims to payment of the

17  obligation due under the note and claims to security interest and title under the deed of trust that

18  is now subject of this objection as follows:

19      a.  Soon after the closing of the refinance loan transaction of 2007 and related to the

20          subject property and a loan number 171122940, Countrywide Home Loans in a

21          statement dated 07/17/2007 indicated that the name of the creditor to whom the debt

22          is owed is: PARK GRANADA 10212670.1 SR and that "Countrywide services the

23          loan on behalf of your creditor". See **Exhibit No. 4**:Doc 60 page 19 of 44.

24      b.  On February 10, 2011 in response to borrower inquiry related to investor, or owner of

25          the loan, Bank of America indicated that the investor's name was AURORA MSF

26          LEHMAN(LXS2007-16N) AND WHOSE ADDRESS IS 10350 Park Meadows Dr.,

27          Littleton, CO 80124.  Owner's Telephone Number:(720)945-3448. See **Exhibit No.**

28

4:Doc 60 page 2-22 of 44, a true and correct copy of the letter dated May 1, 2012 related to Loan Number 171122940.

c. On <u>June 21, 2011</u> BAC Home loan Servicing, LP located at 400 National Way, Simi Valley, CA 93065 attempted to modify the terms of the borrower's loan with the borrower indicating on the loan modification document that it was the Lender under the Note or Security instrument bearing loan number 171122940. See **Exhibit No. 12** hereto, a true and correct copy of the proposed Loan Modification Agreement dated <u>06/21/2011</u>.

d. On May 1, 2012 in response to borrower inquiry related to investor, or owner of the loan, Bank of America indicated that the investor's name was: U.S. Bank Corporate Trust Services located at 60 Livingston Avenue, Saint Paul, MN 55107-2232 and whose telephone number is: (800) 236-3488. See **Exhibit No. 4**:Doc 60 page 28-29 of 44.: A true and correct copy of the letter dated May 1, 2012 related to Loan Number 171122940.

e. On June 10, 2013 Charles F. Pederson of US Bank corporate Trust Services in a letter to the borrowers indicated that their loan is owned by the Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N and that U.S. Bank is merely the Trustee for the pool of mortgages in which the borrower's loan sits. The Trustee does not have the authority to make any decisions regarding borrower's mortgage loan. Further the Servicer is the party to the trust that has the authority and responsibility to make decisions regarding individual mortgage loans in the Trust.
<u>See</u> **Exhibit No. 4**: Doc 60 page 29 of 44, a true and correct copy of the letter from Charles F. Pederson dated June 10, 2013.

f. Again on the same date i.e. June 10, 2013 Charles F. Pederson of US Bank corporate Trust Services in a letter to the borrowers indicated that their loan is owned by the Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N and included a brochure that further explains the roles of the servicer and trustee. A true

8

and correct copy of the letter from Charles F. Pederson and the brochure that is included is attached hereto as See **Exhibit No. 4**: Doc 60 page 30 of 44.

g. According to letter to the borrowers dated July 22, 2013, Specialized Loan Servicing located at 8742 Lucent Boulevard, Suite 300, Highland Ranch, CO 80129 indicated that the current creditor of the borrower's loan bearing loan number 1006662087 is LXS 2007-16N to whom the mortgage loan was transferred on July 1, 2013 and that SLS is a servicer of the loan on behalf of the creditor. A true and correct copy of a letter containing the information in this paragraph from Celia ID#11526 is attached hereto as See **Exhibit No. 4**: Doc 60 page 35 & 36 of 44.

h. In two separate correspondence dated February 18, 2013 and again on November 4, 2013 Specialized Loan Servicing indicated that the borrower may access the Mortgage Electronic Registration Systems, Inc. (MERS) by going to their website. The associated mortgage identification number (MIN) **1001337-0002294594-6**. It further indicated that MERS serves as a mortgagee in the land records for loans registered on the MERS System, and is a nominee (or agent) for the owner of the promissory note. The MERS System is a national electronic database that tracks changes in mortgage servicing and beneficial ownership interests in residential mortgage loans. A true and correct copy of a letters containing the information in this paragraph is attached hereto as See **Exhibit No. 4**: Doc 60 page 37& 38 AND 39 & of 44 pages respectively.

i. According to the MERS database dated 06/30/2013 the MIN status for MIN number 1001337-000294594-6 was inactive and that the investor for the loan associated with this number is **LEHMAN BROTHERS HOLDING INC.**,. A true and correct copy of the MERS Servicer Id obtained from www.mers-servicerid.org/sis/search on June 30, 2013 is attached hereto as See **Exhibit No. 4**: Doc 60 page 42 of 44.

Given the foregoing the following entities have claimed to have acquired an interest in or acquired the unrecorded Note related to the subject property at various times and dates as is reflected in the table below:

9

| Date | Entity claiming the Note |
|------|--------------------------|
| 07/17/2007 | a.   PARK GRANADA 10212670.1 SR |
| 02/10/2011 | b.   AURORA MSF LEHMAN(LXS2007-16N) |
| 06/21/2011 | c.   BAC Home Loan Servicing, LP. |
| 05/01/2012 | d.   U.S. Bank Corporate Trust Services. |
| 06/10/2012 | e.   Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N |
| 06/30/2013 | f.   LEHMAN BROTHERS HOLDINGS INC., |
| 07/22/2013 | g.   LXS 2007-16N |

## C. CONFLICTING CLAIMS TO DEED OF TRUST

1. According to the relevant Deed of trust dated June 27, 2007 and executed by the borrowers on June 29, 2007:

   a. the borrower is the "**trustor**" under the security instrument.

   b. The "**Lender**" is Countrywide Home Loans Inc. dba America's Wholesale lender and the lender's address is 4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613.

   c. The "**Trustee**" is ReconTrust Company, N.A.

   d. "**MERS**" is Mortgage Electronic Registration Systems, Inc., a separate corporation that is acting solely as a nominee for lender and lender's successors and assigns and is the beneficiary under the security instrument.

   e. "**Note**" means the promissory note signed by the borrower and dated June 27, 2007.

   f. "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under the Security Instrument, plus interest.

2. Since the closing of the 2007 loan consolidation transaction of 2007 and evidenced by a note and deed of trust executed by the borrowers on June 29, 2007 several entities have claimed an assignment of the Security instrument to them. Documents have been caused to be recorded in the official records purporting to evidence entitlement to the rights under the security instrument as assignees or substituted trustee as follows:

10

a. On **August 3, 2012,** an individual purporting to be Faith DeJesus and claiming to be an Assistant Secretary of Mortgage Electronic Registration Systems, Inc., executed a document titled "**Assignment of Deed of Trust**" related to the subject property that was caused to be prepared by a Danilo Cuena of Bank of America located at 1800 Tapo Canyon Road, Simi Valley, CA 93063 and caused it to be recorded in the Official records of San Bernardino county as instrument number 2012-0325783 on August 14, 2012. The recording of this document in the official records seems to be facilitated by Corelogic. A true and correct copy of the document titled "Assignment of deed of trust" referenced in this paragraph is attached hereto as **Exhibit No. 6**: Doc. 62: Bates: 260-261.

b. The document titled "Assignment of deed of trust" referenced in subparagraph "a", above purports to assign, grant, sell, transfer and convey all beneficial interest under the deed of trust **from** the assignor namely "MERS" whose address is 1901 E. Vorhees Street, Suite C, Danville, IL 61834 **to** U.S. Bank, National Association, as trustee for the Certificate Holders of the LXS 2007-16N Trust Fund whose address is C/o BAC, M/C:CA6-914-01-43, 1800 Tapo Canyon Road, Simi Valley, CA 93063.

c. Again on **July 30, 2013,** an individual purporting to be Jeff Harlan and claiming to be an Assistant Vice President of Bank of America N.A.., executed a document titled "**Assignment of Deed of Trust**" related to the subject property that was caused to be prepared by a Marcus Jones of Bank of America located at 1800 Tapo Canyon Road, Simi Valley, CA 93063 and caused it to be recorded in the Official records of San Bernardino county as instrument number 2013-0373484 on August 26, 2013. The recording of this document in the official records seems to be facilitated by Corelogic. A true and correct copy of the document titled "Assignment of deed of trust" referenced in this paragraph is attached hereto as **Exhibit No. 6:Doc. No. 62. Bates: 262-263:** The document titled "Assignment of deed of trust" referenced in subparagraph "c", above purports to assign, grant, sell, transfer and convey all beneficial interest under the deed of trust **from** the assignor namely "Bank of America, N.A." whose address is 1800 Tapo Canyon Road, Simi Valley, CA 93063 **to** Nationstar Mortgage, LLC whose address is 350 Highland Drive, Lewisville, TX 75067.

11

Given the foregoing there have been <u>two purported self serving assignments</u> of the Deed of trust to two independent and separate entities by two independent and separate entities at different times as follows:

| Date | From | To |
|---|---|---|
| **August 2, 2012** | Mortgage Electronic Registration Systems, Inc.,. | U.S. Bank, National Association, as trustee, LXS 2007-16N |
| **July 30, 2013** | Bank of America, N.A. | Nationstar Mortgage LLC |

### D. <u>U.S. BANK" AND "NATIONSTAR" ARE NEITHER PARTIES WITH STANDING TO MAKE A CLAIM OR REAL PARTIES IN INTEREST</u>

Given the controversy related to identification of a "Creditor" entitled to a payment by the debtor as described in Section III above, nothing contained in the Proof of Claim filed in this case or response to debtor's objection to proof of Claim provides evidentiary support to claims made by "U.S. Bank" and "Nationstar" individually or collectively ("Claimants") besides bald assertions made by Hazel Salinas, an employee paid to provide necessary, assignments, declarations and affidavits in bankruptcy cases.

According to claimants' response the Ninth Circuit Bankruptcy panel has held that "standing" is a prerequisite to evidentiary benefits of Rule 3001(f)" *citing Veal v. Am. Home Mortgage Servicing, Inc. (In re Veal),* 450 B.R. 897, 922 (9th. Cir. BAP 2011). <u>Debtor agrees</u>. A court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential standing requirements. <u>See</u> *Stocks v. City of Irvine* 114 Cal.App.3d 520 (1981); 170 Cal. Rptr. 724. Also See *Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Standing is a "threshold question in every case, determining the power of the court to entertain a suit." Also <u>See</u> *City of Los Angeles v. County of Kern,* 581 F.3d 841, 845 (9th Cir.2009); *Simon* v. *Eastern Ky. Welfare Rights Org.* (1976) <u>426 U.S. 26 [48 L.Ed.2d 450, 96 S.Ct. 1917]</u>....)" (<u>27 Cal.3d at p. 797</u>.). However claimants indicate that filing of a proof of claim subjects them to the jurisdiction of the bankruptcy court citing *In re Skyline Lumber Co.,* 311 F.

Supp 112 (W.D. Va 1970). True, but this does not mean the claimants as imposters here have standing to file a Proof of Claim. A claim is deemed allowed if not objected. 11 U.S.C. § 502(a) and an actual dispute has arisen since the debtor has objected which initiates a contested matter governed by Fed. R. Bankr. Pr. 9014.

"Every action must be prosecuted in the name of the real party in interest...." (Code Civ. Proc., § 367.) "Generally, `the person possessing the right sued upon by reason of the substantive law is the real party in interest.' [Citations.]" (*Del Mar Beach Club Owners Assn.* v. *Imperial Contracting Co.* (1981) 123 Cal. App.3d 898, 906 [176 Cal. Rptr. 886, 25 A.L.R.4th 336].) It follows that "[s]omeone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party." (*Hatchwell* v. *Blue Shield of California* (1988) 198 Cal. App.3d 1027, 1034 [244 Cal. Rptr. 249].). Here neither "U.S. Bank" as Trustee of a Trust nor "Nationstar" as servicer for the Trust have established that they are entitled to any payments under the "Note" and "Deed of Trust" executed by the debtor in which Countrywide Home Loans, Inc., and MERS are named as Lender and beneficiary solely as nominee for the lender respectively.

### A. Constitutional Standing

Constitutional standing requires an injury in fact, which is caused by or fairly traceable to some conduct or some statutory prohibition, and which the requested relief will likely redress. *Winn,* 131 S.Ct. at 1442; *Sprint Commc'ns Co. v. APCC Servs., Inc.,* 554 U.S. 269, 273–74, 128 S.Ct. 2531, 171 L.Ed.2d 424 (2008); *United Food & Comm'l Workers Union Local 751 v. Brown Grp., Inc.,* 517 U.S. 544, 551, 116 S.Ct. 1529, 134 L.Ed.2d 758 (1996). "One who invokes the judicial process does not have standing if he ... does not have a real interest in the ultimate adjudication because the actor has neither suffered nor is about to suffer any injury of sufficient magnitude reasonably to assure that all of the relevant facts and issues will be adequately presented." (*California Water & Telephone Co.* v. *County of Los Angeles* (1967) 253 Cal. App.2d 16, 22-23 [61 Cal. Rptr. 618].) While they may claim to have constitutional standing based upon their baseless and false assertion that the deed of trust contains an implied suggestion that U.S. Bank, As Trustee of a Trust that owns the 'Note" purportedly executed by

13

the debtor and of which they are somehow a successor or assignees or transferees they cannot establish prudential standing to oppose plaintiff's motion.

## B. **Prudential Standing**.

While "U.S. Bank" as Trustee of a Trust or "Nationstar" may meet the constitutional minima for standing based on their bald and unsupported assertions they must also show that they have standing under various prudential limitations on access to the court related to the Note and Deed of Trust that is subject of their claims and debtor's objection. It is the doctrine that a claimants here must assert its own legal rights and may not assert the legal rights of others. *Sprint,* 554 U.S. at 289, 128 S. Ct. 2531; *Warth,* 422 U.S. at 499, 95 S.Ct. 2197; *Oregon v. Legal Servs. Corp.,* 552 F.3d 965, 971 (9th Cir.2009). Here none of the claimants have established by any admissible evidence that they are asserting their own rights. Debtor does not deny the debt or the obligation. Debtor however, disputes the claims of "U.S. Bank" as Trustee of a Trust and "Nationstar" who seek to invoke prudential standing principles which generally provide that a party without the legal right, under applicable substantive law, to enforce an obligation or seek a remedy with respect to it is not a real party in interest. *Doran v. 7–Eleven, Inc.,* 524 F.3d 1034, 1044 (9th Cir.2008).

## VI.

## **STATEMENT OF ISSUES**

1. **Whether or not Bankruptcy court erred as a matter of law when it denied Debtor's Objection to Claim No. 3 when it contains factual and legal basis that are consistent with California Court of Appeals decision in *Glaski v. Bank of America*, N.A., 218 Cal. App. 4th 1079 (2013), and upheld by California Supreme Court decision in *Yvanova v. New Century Mortgage Corp.* et al 62 Cal. 4th 919; --- P.3d ----, 2016 WL 639526, 16 Cal. Daily Op. Serv. 1783, 2016 Daily Journal D.A.R. 1619**

   A. **§ 502(B)(1) EXPLICITLY DIRECTS A BANKRUPTCY COURT TO DISALLOW A CLAIM IF A LEGITIMATE NON-BANKRUPTCY LAW DEFENSE EXISTS.**

   The filing of an objection to claim initiates a contested matter, subject to the procedures set forth in Rule 9014. In contested matters, a bankruptcy court must make findings of fact,

14

1   either orally on the record, or in a written decision. See Rule 9014(c)(incorporating Rule 7052,

2   which in turn incorporates Civil Rule 52).

3   **Civil Rule 52(a)(1) provides in relevant part**:

4   (a) Findings and Conclusions.

5   (1) In General. In an action tried on the facts without a jury or with an advisory jury, the court

6   must find the facts specially and state its conclusions of law separately. The findings and

7   conclusions may be stated on the record after the close of the evidence or may appear in an

8   opinion or a memorandum of decision filed by the court. These findings must be sufficient to

9   enable a reviewing court to determine the factual basis for the court's ruling. *Vance v. Am.*

10   *Hawaii Cruises, Inc.,* 789 F.2d 790, 792 (9th Cir. 1986).

11         Unlike a motion for relief from the stay, the claim allowance procedure has finality, as §

12   502(b)(1) explicitly directs a bankruptcy court to disallow a claim if a legitimate non-bankruptcy

13   law defense exists. As has been discussed *supra* in the Section on Statement of Relevant Facts

14   Debtors Objection to Claim No. 3-1 by "U.S. Bank" and "Nationstar" is not without factual and

15   evidentiary support and is fully supported by *Yvanova v. New Century Mortgage Corp* 62 Cal.4th

16   919 (2016).

17                **A.** **JUST BECAUSE SOMEONE IS OWED MONIES ANYONE CAN COLLECT IT**

18                     **WOULD BE AN "ODD RESULT".**

19         According to the bankruptcy court "*there is no evidence today that anyone other than*

20   *U.S. Bank is entitled to enforce the note. And once again, the fact that, you know the note may*

21   *be held by U.S. Bank but the deed of trust might be assigned to Nationstar....is not a valid*

22   *argument*".     This argument was rejected by California Supreme Court in *Yvanova v. New*

23   *Century Mortgage Corp* 62 Cal.4th 919 (2016) when it stated it would be an "*odd result* indeed"

24   were a court to conclude a homeowner had no recourse where , even a stranger to the debt....

25   Ordered a trustee sale". While this was in context of a wrongful foreclosure the same argument

26   also applies where a stranger appears in court and claims a debt not owed to it and the court

27   denies debtor's objection to claim because no one else has come forward to claim it.   The

28   Supreme Court stated , "*Banks are neither private attorney generals nor bounty hunters, armed*

15

1  *with a roving commission to seek out defaulting homeowners and take away their homes in*

2  *satisfaction of some other bank's deed of trust*" .  Clear from the factual circumstances of this

3  case there are nine different entities that have asserted the right to collect on the Note and long

4  before U.S. Bank As Trustee here and/or Nationstar Mortgage LLC were assigned the same deed

5  of trust by Bank of America N.A. when bank of America has indicated in all its communications

6  with the debtor on nine different occasions that nine different entities were entitled to a payment

7  on the debt before assigning the deed of trust to U.S. bank As Trustee and Nationstar Mortgage

8  LLC who disclaims any interest in the deed of trust after receiving similar assignments from

9  Bank of America N.A. who had no authority to assign the deed of trust when Mortgage

10  Electronic Registration Systems Inc., is named as a beneficiary on the deed of trust and as such

11  was the only entity authorized to execute an assignment, if at all.

12  **B.  A VOID CONTRACT IS WITHOUT LEGAL EFFECT**

13  A void contract is without legal effect." (*Yvanova, supra,* 62 Cal.4th at p. 929, 199

14  Cal.Rptr.3d 66, 365 P.3d 845.) "A voidable transaction, in contrast, 'is one where one or more

15  parties have the power, by a manifestation of election to do so, to avoid the legal relations

16  created by the contract, or by ratification of the contract to extinguish the power of avoidance.' "

17  (*Id.* at p. 930, 199 Cal.Rptr.3d 66, 365 P.3d 845.).

18  On February 10, 2011 BAC Home Loan Servicing, LP claiming to be a servicer indicated

19  to the debtor that the owner of the mortgage loan was **Aurora MSF Lehman(LXS2007-16N)**.

20  See Exhibit No. 4: Dkt. No. 60: page 20-21. Now in the year 2012 Bank of America N.A.

21  through its agent executes an assignment of deed of trust as to debtor's mortgage to U.S. Bank

22  N.A. As Trustee.  Again in the year 2013 Bank of America N.A. through its agent executes an

23  assignment of deed of trust as to debtor's mortgage to Nationstar Mortgage LLC. Astonishingly,

24  Nationstar Mortgage, LLC claims to be a servicer of the mortgage purportedly owned by U.S.

25  Bank N.A.  However both entities received such an assignment from bank of America N.A.

26  which in 2011 stated that the owner of the mortgage loan was **Aurora MSF Lehman(LXS2007-**

27  **16N)**.  It is clear that Bank of America N.A. had no such authority to assign any deed of trust in

28

1 │ 2012 or 2013 to U.S. Bank N.A. As Trustee or NationStar Mortgage LLC at any time.  The

2 │ assignment is simply void.

3 │       *Yvanova* holds that a borrower has legal authority—standing—"to claim a nonjudicial

4 │ foreclosure was wrongful because an assignment by which the foreclosing party purportedly took

5 │ a beneficial interest in the deed of trust was not merely voidable but void, depriving the

6 │ foreclosing party of any legitimate authority to order a trustee's sale." (*Yvanova, supra,* 62

7 │ Cal.4th at pp. 942–943, 199 Cal.Rptr.3d 66, 365 P.3d 845.).  Bank of America N.A. here had

8 │ nothing to assign. Thus the claims of Nationstar Mortgage LLC and/or that of U.S. Bank N.A.

9 │ are simply without merit and the Bankruptcy court erred as a matter of law in denying debtor's

10 │ objection to claim and denying debtor's motion to reconsider on grounds that California

11 │ Supreme Court in *Yvanova, supra,* 62 Cal.4th at pp. 942–943, 199 Cal.Rptr.3d 66, 365 P.3d 845.

12 │ has decided this matter for the court to rule on. It was simply a matter of procedural formality.

13 │ The bankruptcy court was simply wrong. As the Supreme Court in *Yvanova* explained: " 'A

14 │ homeowner ... has standing to challenge that assignment as void because success on the merits

15 │ would prove the purported assignee is not, in fact, the mortgagee and therefore lacks any right to

16 │ foreclose on the mortgage.' " (*Yvanova, supra,* 62 Cal.4th at pp. 935–936, 199 Cal.Rptr.3d 66,

17 │ 365 P.3d 845.  There is no reason why this reasoning cannot be applied to debtor's objection to

18 │ claim.

19 │       **A.  THE COURT ERRED IN PLACING THE BURDEN OF PROOF ON THE**

20 │            **DEBTOR**

21 │       According to the Bankruptcy court on debtor's motion to reconsider "*The proof of claim*

22 │ *has proven facia valid, so there is a presumption of validity.  It is the debtor's burden to prove*

23 │ *why...it is not valid*".  See **Exhibit No. 14**: Transcript of proceedings @12-13: 24-25 & 1-2.

24 │       The prima facie evidentiary effect granted to the filing of a properly completed proof of

25 │ claim by Federal Rule of bankruptcy procedure 3001(f) only serves to require an objecting party

26 │ to provide evidence rebutting the claim.  See, e.g. *In re fidelity Holding* Co., Ltd., 837 F. 2d 696,

27 │ 698 (5th Cir. 1988):

28 │       "A party objecting to a claim has the initial burden of presenting factual evidence  tending
to defeat the prima facie validity of a proof of claim without the burden of ultimate persuasion.

*In re Distrigas Corp.,* 75 B.R. 770, 772,73 (Bankr. D. mass. 1987).          Citing King, 3 Collier on Bankruptcy, ¶502-17, 18 (15ᵗʰ Ed. 1988).

This rebuttal evidence should be equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. *In re VTN, Inc.,* 69 B.R. 1005, 1008 (Bankr. S.D. Fla, 1987).

" After the objecting party presents evidence rebutting the claim, the burden of proof then shifts back to the claimant. If, however, evidence rebutting the claim is brought forth, then the claimant must produce additional evidence to prove the viability of the claim by a preponderance of the evidence. The ultimate burden always rest on the claimant". *Fidelity Holding*, 837 F.2d at 698 (emphasis added).

If a claimant cannot produce sufficient evidence to prove his, her, its own claim, it becomes subject to disallowance.

"If the objecting party rebuts the claimant's prima facie case, it is for the claimant to prove his claim, not for the objector to disprove." *In re Greene*, 71 B.R. 104, 106 (Bankr. S.D.N.Y. 1987).

The presumption treating the proof of claim as prima facie evidence of validity and amount operates to create a mere rebuttable presumption. If rebutted, then the ultimate burden of proof is on the claimant. See *In re Sierra Steel, Inc.,* 96 B.R. at 277.

Here neither has U.S. Bank, As Trustee nor has Nationstar Mortgage LLC had any perfected interest in debtor's debt obligations. The Assignments were *void* in the first place as they were executed by a party without such authority to do so and had nothing to assign as Bank of America did not own debtor's mortgage at any time. **Rule 3001(d)** provides: (d) Evidence of Perfection of Security Interest. If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected. As discussed by the Court in the case entitled *U.S. Bank vs. Collymore*, 68, A.D. 3d 752 (N.Y.2009), the plaintiff must prove its standing in order to be entitled to relief See *Wells Fargo Bank Minn., N.A. v. Mastropaolo*, 42 A.D.3d 239, 242 (N.Y. 2007); *TPZ Corp. v Dabbs*, 25 A.D.3d 787, 789 (N.Y. 2006); *See also Society of Plastics Indu. v County of Suffolk*, 77 N.Y.2d 761, 769 (N.Y. 1991).

18

1    Further a claim must not be allowed if that claim is unenforceable against the debtor

2  and property of the debtor pursuant to 11 U.S.C. 502(b)(1); once the objector raises "facts

3  tending to defeat the claim by probative force equal to that of the allegations of the proofs of

4  claim themselves," *Wright v. Holm* (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991), then "the

5  burden reverts to the claimant to prove the validity of the claim by a preponderance of the

6  evidence." *Ashford v. Consolidated Pioneer Mortgage* (In re Consolidated Pioneer Mortgage),

7  178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

8    If a claimant cannot produce sufficient evidence to prove his, her, its own claim, it

9  becomes subject to disallowance. "If the objecting party rebuts the claimant's prima facie case, it

10  is for the claimant to prove his claim, not for the objector to disprove." *In re Greene*, 71 B.R.

11  104, 106 (Bankr. S.D.N.Y. 1987). The presumption treating the proof of claim as prima facie

12  evidence of validity and amount operates to create a mere rebuttable presumption. If rebutted,

13  then the ultimate burden of proof is on the claimant. See *In re Sierra Steel, Inc.*, 96 B.R. at 277.

14  As a result of this shifting burden, "the ultimate burden of persuasion is always on the claimant."

15  *Holm*, 931 F.2d at 623; see also *Fidelity Holding*, 837 F.2d at 698. Additionally, an objection

16  based upon a lack of proper documentation specifically requires the claimant to establish the

17  claim by a preponderance of the evidence or be subject to disallowance. *In re Heath* at 433-

18  35.The ultimate burden of proof as to the claim's validity and amount always remained on the

19  claimant. *Garner*, 246 B.R. at 622; *Diamant*, 165 F.3d at 1248; *Sierra Steel, Inc. v. Totten Tubes,*

20  *Inc. (In re Sierra Steel, Inc.)*, 96 B.R. 275, 277 (9th Cir. BAP 1989). In this instance, claimants

21  U.S. Bank, N.A. nor Nationstar Mortgage LLC did not meet its burden of proof. The bankruptcy

22  court erred as a matter of law in denying debtor's motion to reconsider denying his objection

23  proof of claim when it placed the burden of proof on the debtor and not the claimant who the

24  debtor has established is neither a creditor nor a party authorized to file a proof of claim in

25  debtor's bankruptcy case.

26

27

28

19

2.     WHETHER OR NOT BANKRUPTCY COURT ABUSED ITS DISCRETION
       WHEN IT REFUSED TO RECONSIDER ITS DECISION THAT WAS CLEARLY
       BASED ERRONEOUS FINDING OF FACT AND APPLICATION OF THE LAW.

A court abuses its discretion when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all improper factors and no proper ones are considered. See *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 785 F.3d 1207 (8th Cir. 2015); Also See *Bacardi Intern. Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1, 85 Fed. R. Serv. 3d 556 (1st Cir. 2013).

Debtor's 60(b)(6) motion to reconsider bankruptcy court's prior ruling was based upon arguments made by the California Attorney General and other Amicus briefs filed in California Supreme Court Case *Yvanova v. New Century Mortgage Corp* 62 Cal.4th 919 (2016) that was decided on February 18, 2016.  Consistent with the opinion of the Supreme Court Bankruptcy Court's findings of fact and application of the law was clearly erroneous.

The Rule 60(b)(6) "catch-all" provision, on which appellants relies upon, applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 n. 8 (9th Cir.2002).  Truly while debtor has raised all his factual basis and arguments prior to California Supreme Court's consideration of the merits of claims made by the debtor, the decision of the California Supreme Court and reasoning behind its decision of February 18, 2016 clearly paved the way for the debtor to file his motion to reconsider rather than appeal the decision of the Bankruptcy court.  In the alternative the debtor has the opportunity to convert the objection to claims process into an adversary proceeding which is not in the interest of judicial economy more so when the California Supreme Court had already decided on the merits of debtor's arguments.   In light of reasoning provided by the Supreme court in *Yvanova v. New Century Mortgage Corp* 62 Cal.4th 919 (2016) debtor filed his motion to reconsider under Rule 60(b)(6) which is the most appropriate provision under which the debtor could file his motion to reconsider.

20

1    Debtor does not intend to rehash his factual or legal basis for his motion to

2    reconsider as these issues have already been discussed supra but for the record the court clearly

3    erred when it failed to take notice of the two unauthentic assignments fabricated by Bank of

4    America in favor of the two different entities at two different times and one of which claims to

5    be a creditor and the other claims to be an agent when both of the entities have an assignment of

6    a deed of trust wrongfully assigned to them by an entity without anything to assign in the first

7    place. The claimants did not satisfy their burden of proof to establish that they were a creditor

8    beyond a self serving declaration from an employee of Nationstar Mortgage LLC who states

9    under penalty of perjury that Nationstar Mortgage LLC is an agent of another entity namely U.S.

10   Bank N.A and both of whom received an assignment from Bank of America N.A. while at the

11   same time disclaiming their purported rights pursuant to such assignment as a creditor while nine

12   other entities have claimed payment on debtor's debt obligations and none of whom had assigned

13   any of their purported interest to any of the claimants in debtor's bankruptcy case while

14   collecting monies from the debtor under the false pretext of being the creditor under the note that

15   secures the deed of trust.

16   An "abuse of discretion" occurs when a court, in making a discretionary decision,

17   relies upon an improper factor, neglects a factor entitled to substantial weight, or considers the

18   correct mix of factors but makes a clear error of judgment in weighing them as has happened in

19   the instant bankruptcy case. See *Bacardi Intern. Ltd. V. V. Suarez & Co., Inc.,* 719 F.3d 1, 85

20   Fed. R. Serv. 3d 556 (1st Cir. 2013), cert. denied, 134 S. Ct. 640 (2013).

21                                   VII.

22                              **CONCLUSION**

23   For the foregoing reasons debtor/Appellant herein respectfully requests the District

24   Court to reverse Bankruptcy Courts decision to deny debtor's objection to proof of claim No. 3

25   filed by U.S. Bank, N.A. As Trustee and denial of debtor's motion to reconsider its denying

26   debtor's objection to proof of claim pursuant to the reasoning by California Supreme Court in

27   *Yvanova v. New Century Mortgage Corp* 62 Cal.4th 919 (2016) on grounds that assignment of

28   deed of trust to claimants was void and on the basis of which debtor had filed his object to claim

21

and 60(b)(6) motion to reconsider AND remand the case back to bankruptcy court consistent with its finding in this appellate case.

Dated: July 13, 2016                                    Respectfully Submitted,


Anthony Paul Manrique
Appellant

22

**Form 8.**   **Certificate of Compliance Pursuant to 9th Circuit Rules 28-4, 29-2(c)(2) and (3), 32-2 or 32-4[1] for Case Number**  5:16-cv-00708-DOC

Note: This form must be signed by the attorney or unrepresented litigant *and attached to the end of the brief.*

I certify that (check appropriate option):

☒ This brief complies with the enlargement of brief size permitted by Ninth Circuit Rule 28-4. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). This brief is 7834 _____ words, 631 _____ lines of text or 22 _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ This brief complies with the enlargement of brief size granted by court order dated _____ . The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6). This brief is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ This brief is accompanied by a motion for leave to file an oversize brief pursuant to Circuit Rule 32-2 and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☐ This brief is accompanied by a motion for leave to file an oversize brief pursuant to Circuit Rule 29-2(c)(2) or (3) and is _____ words, _____ lines of text or _____ pages, excluding the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii), if applicable.

☒ This brief complies with the length limits set forth at Ninth Circuit Rule 32-4. The brief's type size and type face comply with Fed. R. App. P. 32(a)(5) and (6).

Signature of Attorney or
Unrepresented Litigant

("s/" plus typed name is acceptable for electronically-filed documents)

Date July 13, 2016

_____

[1] If filing a brief that falls within the length limitations set forth at Fed. R. App. P. 32(a)(7)(B), use Form 6, Federal Rules of Appellate Procedure.

Exhibit No. 1

# U.S. Bankruptcy Court
## Central District of California (Riverside)
### Bankruptcy Petition #: 6:15-bk-10650-SY

|  |  |
|---|---|
| *Assigned to:* Scott H. Yun | *Date filed:* 01/26/2015 |
| Chapter 11 | *341 meeting:* 02/24/2015 |
| Voluntary | *Deadline for filing claims:* 05/26/2015 |
| Asset | *Deadline for objecting to discharge:* 04/27/2015 |

**Debtor**
**Anthony Paul Manrique**
718 Silverwood Ave.
Upland, CA 91786
SAN BERNARDINO-CA
SSN / ITIN: xxx-xx-2822
*aka* **Anthony Manrique**

represented by **Dana M Douglas**
11024 Balboa Blvd #431
Granada Hills, CA 91344
818-360-8295
Fax : 213-270-9456
Email: dmddouglas@hotmail.com

**U.S. Trustee**
**United States Trustee (RS)**
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
(951) 276-6990

represented by **Abram Feuerstein, esq**
Office of US Trustee
3801 University Avenue
St 720
Riverside, CA 92501
951-276-6975
Fax : 951-276-6973
Email: abram.s.feuerstein@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
|  | 1<br>(17 pgs; 3 docs) | Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by Anthony Paul Manrique Summary of Schedules (Form B6 Pg 1) due 02/9/2015. Schedule A (Form B6A) due 02/9/2015. Schedule B (Form B6B) due 02/9/2015. Schedule C (Form B6C) due 02/9/2015. Schedule D (Form B6D) due 02/9/2015. Schedule E (Form B6E) due 02/9/2015. Schedule F (Form B6F) due 02/9/2015. Schedule G (Form B6G) due 02/9/2015. Schedule H (Form B6H) due 02/9/2015. Schedule I (Form B6I) due 02/9/2015. Schedule J (Form B6J) due 02/9/2015. Declaration Concerning Debtors Schedules (Form B6) due 02/9/2015. Statement of Financial Affairs (Form B7) due |

| | | |
|---|---|---|
| 01/26/2015 | | Statistical Summary (Form B6 Pg 2) due 02/9/2015. Disclosure of Compensation of Attorney for Debtor (Form B203) due 02/9/2015. Debtor Certification of Employment Income due by 02/9/2015. Incomplete Filings due by 02/9/2015. (Douglas, Dana) WARNING: Item subsequently amended by docket entry No 4. List of Creditors Holding the 20 Largest Unsecured Claims (Official Form B4) (chapter 9 and 11 cases only) is due 1/30/2015. [FRBP 1007(d); LBR 10021] Modified on 1/27/2015 (Davies-harris, Wanda). WARNING: Case is not deficient for: List of Creditors Holding 20 Largest Unsecured Claims. Modified on 1/28/2015 (Sandoval, Rosanna). (Entered: 01/26/2015) |
| 01/26/2015 | 2 | Statement of Social Security Number(s) (Official Form B21) Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 01/26/2015) |
| 01/26/2015 | | Receipt of Voluntary Petition (Chapter 11)(6:15-bk-10650) [misc,volp11] (1717.00) Filing Fee. Receipt number 39033019. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 01/26/2015) |
| 01/27/2015 | 3 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Davies-harris, Wanda) WARNING: Issued in error, case is not deficient for: List of Creditors Holding 20 Largest Unsecured Claims. Deadline for this document has been terminated. Modified on 1/28/2015 (Sandoval, Rosanna). (Entered: 01/27/2015) |
| 01/27/2015 | 4 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) (Davies-harris, Wanda) (Entered: 01/27/2015) |
| 01/29/2015 | 5 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 2/24/2015 at 02:30 PM at RM 720, 3801 University Ave., Riverside, CA 92501. Last day to oppose discharge or dischargeability is 4/27/2015. Proofs of Claims due by 5/26/2015. (Gaffney, Laurie) (Entered: 01/29/2015) |
| | 6 | Order Re: Scheduling Chapter 11 Status Conference |

| | | |
|---|---|---|
| 01/29/2015 | | this case will be held on March 5, 2015 at 1:30 pm, in Courtroom 302 Signed on 1/29/2015 (Jeanmarie, Cynthia) (Entered: 01/29/2015) |
| 01/29/2015 | 7 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 3/5/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 01/29/2015) |
| 01/29/2015 | 8 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) No. of Notices: 1. Notice Date 01/29/2015. (Admin.) (Entered: 01/29/2015) |
| 01/29/2015 | 9 (2 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) No. of Notices: 1. Notice Date 01/29/2015. (Admin.) (Entered: 01/29/2015) |
| 01/29/2015 | 10 (2 pgs) | BNC Certificate of Notice (RE: related document(s)3 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 01/29/2015. (Admin.) (Entered: 01/29/2015) |
| 01/30/2015 | | Receipt of Certification Fee - $11.00 by 32. Receipt Number 60122716. (admin) (Entered: 02/02/2015) |
| 01/31/2015 | 11 (3 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting of Creditors Chapter 11 & 12) No. of Notices: 7. Notice Date 01/31/2015. (Admin.) (Entered: 01/31/2015) |
| 01/31/2015 | 12 (10 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)6 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/31/2015. (Admin.) (Entered: 01/31/2015) |
| 02/03/2015 | 13 (14 pgs) | Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 02/03/2015) |

| | | |
|---|---|---|
| 02/03/2015 | 14<br>(5 pgs) | Notice of motion/application *to Employ Dana M Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)13 Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) (Entered: 02/03/2015) |
| 02/04/2015 | 15<br>(44 pgs) | Summary of Schedules (Official Form B6 - Pg1) , Statistical Summary of Certain Liabilities (Official Form B6 - Pg2), Schedule A (Official Form B6A) - Real Property , Schedule B (Official Form B6B) - Personal Property , Schedule C (Official Form B6C) - Property Claimed as Exempt , Schedule D (Official Form B6D) - Creditors Holding Secured Claims , Schedule E (Official Form B6E) - Creditors Holding Unsecured Priority Claims , Schedule F (Official Form B6F) - Creditors Holding Unsecured Nonpriority Claims , Schedule G (Official Form B6G) - Executory Contracts and Unexpired Leases , Schedule H (Official Form B6H) - Codebtors , Schedule I (Official Form B6I) - Your Income , Schedule J (Official Form B6J) - Your Expenses , Declaration Concerning Debtor's Schedules (Official Form B6) , Statement of Financial Affairs (Official Form B7) , Disclosure of Compensation of Attorney for Debtor (Official Form B203) , Debtor's Certification of Employment Income , Chapter 11 Statement of Your Current Monthly Income and Calculation of Commitment Period (Official Form B22B), Declaration Re: Electronic Filing *with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Douglas, Dana) (Entered: 02/04/2015) |
| 02/04/2015 | 16<br>(17 pgs) | Notice of Hearing *Order Scheduling Chapter 11 Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 02/04/2015) |
| | 17<br>(4 pgs) | Declaration re: *Supplemental Declaration by Dana M Douglas in Support of Application to Employ Dana M. Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)13 Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of* |

| | | |
|---|---|---|
| 02/06/2015 | <u>18</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Richey, Cassandra. (Richey, Cassandra) (Entered: 02/06/2015) |
| 02/12/2015 | <u>19</u><br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) *with Certificate of Service* Filed by Clark, Matthew. (Clark, Matthew) (Entered: 02/12/2015) |
| 02/21/2015 | <u>20</u><br>(6 pgs) | Status report *Debtor's First Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11), <u>6</u> Order (Generic) (BNC-PDF), 7 Hearing (Bk Other) Set, <u>16</u> Notice of Hearing). (Douglas, Dana)WARNING: Item subsequently amended to docket entry no# 22. Modified on 2/23/2015 (Hawkinson, Susan). (Entered: 02/21/2015) |
| 02/23/2015 | <u>21</u><br>(10 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 1/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 02/23/2015) |
| 02/23/2015 | 22 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing location was selected. The hearing is at the Riverside Division not Los Angeles Division. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)<u>20</u> Status report filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 02/23/2015) |
| 03/05/2015 | <u>23</u><br>(22 pgs) | Declaration re: non opposition *Debtor's Application to Employ Dana M. Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)<u>13</u> Application to Employ Dana M Douglas as General Bankruptcy Counsel *with proof of service.*). (Douglas, Dana) (Entered: 03/05/2015) |
| | <u>24</u><br>(5 pgs) | Notice of lodgment *Order Authorizing Employment of Dana M Douglas as General Bankruptcy Counsel with proof of service.* Filed by Debtor Anthony Paul Manrique |

| 03/05/2015 | | Douglas as General Bankruptcy Counsel *with proof of service.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) (Entered: 03/05/2015) |
| --- | --- | --- |
| 03/05/2015 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Anthony Paul Manrique) Status Hearing to be held on 06/18/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 1 , (Jeanmarie, Cynthia) (Entered: 03/05/2015) |
| 03/05/2015 | 25<br>(6 pgs) | Notice of Bar Date for Filing Proof of Claim in an Individual Chapter 11 (LBR 3001-1) *with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 03/05/2015) |
| 03/05/2015 | 26<br>(2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 6/18/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 03/06/2015) |
| 03/06/2015 | 27<br>(5 pgs) | Notice of lodgment *Scheduling Order After Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s) Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Anthony Paul Manrique) Status Hearing to be held on 06/18/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 1,). (Douglas, Dana) (Entered: 03/06/2015) |
| 03/09/2015 | 28<br>(2 pgs) | Scheduling Order After Status Conference (Related Doc # 1 ) It is hereby ordered that the deadline for filing proofs of claim in this case is May 5, 2015 which is 60 days from the service date of Debtor's Notice of Bar Date for Filing Proofs of Claim and Proofs of Interest. The Status Conference is continued to Thursday, June 18, 2015 at 1:30 p.m. Debtor must file a status report on or before June 4, 2015. Signed on 3/9/2015 (Mason, Shari) (Entered: 03/09/2015) |
| | 29 | Order Granting Application to Employ Dana M Douglas as |

| 03/10/2015 | | 13) Signed on 3/10/2015. (Jeanmarie, Cynthia) (Entered: 03/10/2015) |
|---|---|---|
| 03/11/2015 | 30 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)28 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/11/2015. (Admin.) (Entered: 03/11/2015) |
| 03/12/2015 | 31 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 03/12/2015. (Admin.) (Entered: 03/12/2015) |
| 03/20/2015 | 32 (14 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 2/28/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 03/20/2015) |
| 03/29/2015 | 33 (2 pgs) | Notice of Change of Address Filed by Creditor Nationstar Mortgage, LLC.. (Daniels, Michael) (Entered: 03/29/2015) |
| 04/16/2015 | 34 (14 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 3/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/16/2015) |
| 05/15/2015 | 35 (19 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending 4/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 05/15/2015) |
| 06/05/2015 | 36 (6 pgs) | Status report *Debtor's Second Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)26 Document, Hearing (Bk Other) Continued). (Douglas, Dana) (Entered: 06/05/2015) |
| 06/10/2015 | 37 (17 pgs) | Monthly Operating Report. Operating Report Number: 5. For the Month Ending 5/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 06/10/2015) |
| | 38 (1 pg) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 7/23/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, |

| | | |
|---|---|---|
| 06/19/2015 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 11) filed by Anthony Paul Manrique) Status Hearing to be held on 07/23/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 1, (Jeanmarie, Cynthia) (Entered: 06/19/2015) |
| 07/22/2015 | 39 (17 pgs) | Monthly Operating Report. Operating Report Number: 6. For the Month Ending 6/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 07/22/2015) |
| 07/22/2015 | 40 (6 pgs) | Status report *Debtor's Third Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)38 Document, Hearing (Bk Other) Continued). (Douglas, Dana) (Entered: 07/22/2015) |
| 07/22/2015 | 41 (65 pgs) | First Objection to Claim #3 by Claimant US Bank National Association in the amount of $ 492647.50 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) WARNING: Item subsequently amended by docket entry no. 43. Incorrect event code used. Matter will not be set for hearing until correction is made. Modified on 7/22/2015 (Mason, Shari). (Entered: 07/22/2015) |
| 07/22/2015 | 42 (5 pgs) | Notice of Hearing *on Debtor's Objection to Proof of Claim No. 3 filed by U.S. Bank National Association with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 07/22/2015) |
| | 43 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. The event code that was used is not a "motion" code and therefore we cannot set it for hearing. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT MOTION EVENT. PREFERABLY THE COURT WOULD LIKE YOU TO USE BK > MOTIONS/APPLICATIONS > DISALLOW CLAIMS (motion) OR ALLOW CLAIMS (motion). HOWEVER, IF THESE ARE NOT APPLICALBE TO YOUR SITUATION THEN YOU CAN USE BK >** |

| | | |
|---|---|---|
| 07/22/2015 | | CLAIM (motion). OBJECTIONS TO CLAIM (motion). MATTER WILL NOT BE SET FOR HEARING UNTIL THE PROPER EVENT CODE IS USED. (RE: related document(s)41 Objection to Claim filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 07/22/2015) |
| 07/23/2015 | 44 (2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 8/20/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 07/24/2015) |
| 07/27/2015 | 45 (65 pgs) | Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service.* *Document re-filed as Motion.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 07/27/2015) |
| 07/28/2015 | 46 | Hearing Set (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 8/20/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 07/28/2015) |
| 08/20/2015 | | Hearing (Bk Motion) Continued (RE: related document(s) 45 MOTION RE: OBJECTION TO CLAIM filed by Anthony Paul Manrique) Hearing to be held on 10/01/2015 at 01:30 PM 3420 Twelfth Street Courtroom 302 Riverside, CA 92501 for 45 , (Jeanmarie, Cynthia) (Entered: 08/20/2015) |
| 08/20/2015 | 47 (2 pgs) | Document, Hearing Continued - STATUS CONFERENCE CONTINUED - (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 10/1/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 08/21/2015) |
| | 48 (1 pg) | Document, Hearing Continued (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 10/1/2015 at |

| 08/20/2015 | | ...Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 08/21/2015) |
|---|---|---|
| 08/24/2015 | 49 (17 pgs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending 7/31/2015 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 08/24/2015) |
| 09/23/2015 | 50 (17 pgs) | Monthly Operating Report. Operating Report Number: 8. For the Month Ending 8/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 09/23/2015) |
| 09/23/2015 | 51 (49 pgs) | Response to (related document(s): 45 Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* filed by Debtor Anthony Paul Manrique) Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Clark, Matthew) (Entered: 09/23/2015) |
| 09/28/2015 | 52 (5 pgs) | Notice of Hearing *(Amended) with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)45 Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) WARNING: Item subsequently amended by docket entry # 54 - Hearing will currently remain set for 10/1/15 at 1:30 p.m. Modified on 9/28/2015 (Mason, Shari). (Entered: 09/28/2015) |
| 09/28/2015 | 53 (6 pgs) | Status report *Debtor's Fourth Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)47 Document, Hearing (Bk Other) Continued). (Douglas, Dana) (Entered: 09/28/2015) |
| | 54 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION. THE CONTINUED HEARING IS CURRENTLY SET FOR 10/1/15 AT 1:30 P.M. IF YOU ARE INTENDING TO CONTINUE IT OUT FURTHER THIS IS NOT THE** |

| 09/28/2015 | | WILL REMAIN ON CALENDAR FOR 10/1/15 AT 1:30 P.M. (RE: related document(s)52 Notice of Hearing filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 09/28/2015) |
|---|---|---|
| 10/01/2015 | 55 (1 pg) | Document, Hearing Continued (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 10/29/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 10/02/2015) |
| 10/01/2015 | 56 (2 pgs) | Document, Hearing Continued - STATUS CONFERENCE CONTINUED - (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 10/29/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 10/02/2015) |
| 10/15/2015 | 57 (3 pgs) | Notice of Hearing *Continued Hearing on Objection to Claim with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)45 Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* Filed by Debtor Anthony Paul Manrique). (Douglas, Dana) (Entered: 10/15/2015) |
| 10/15/2015 | 58 (5 pgs) | Notice of lodgment *Scheduling Order in re Objection to Claim with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)55 Document, Hearing Continued (RE: related document(s)45 Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) The Hearing date is set for 10/29/2015 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun). (Douglas, Dana) (Entered: 10/15/2015) |
| | 59 (8 pgs) | Reply to (related document(s): 51 Response filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N) *Debtor's Evidentiary Objections to Declaration of Hazel Salinas in Support of Response of U.S. Bank National Association to Debtor's Objection to* |

| | | |
|---|---|---|
| 10/15/2015 | | Anthony Paul Manrique (Douglas, Dana) (Entered: 10/15/2015) |
| 10/15/2015 | <u>60</u><br>(44 pgs) | Reply to (related document(s): <u>45</u> Motion RE: Objection to Claim Number 3 by Claimant U.S. Bank National Association. *With proof of service. Document re-filed as Motion.* filed by Debtor Anthony Paul Manrique, <u>51</u> Response filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N) *Debtor's Reply and Opposition to Response to Debtor's Objection to Proof of Claim No. 3 filed by U.S. Bank National Association; Memorandum of Points and Authorities with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 10/15/2015) |
| 10/16/2015 | <u>61</u><br>(2 pgs) | Scheduling Order In Re Objection To Claim (Related Doc # <u>41</u> ) It is hereby Ordered that (1) The Status Conference is continued to 1:30 p.m. on October 29, 2015; (2) The Court set the following briefing schedule for the Objection: (a) Debtor's reply to Creditor's Response to Objection is due October 15, 2015; (b) Creditor's further written Response, if any, is due October 22, 2015; (3) The hearing on the Objection is also continued to October 29, 2015. Signed on 10/16/2015 (Mason, Shari) (Entered: 10/16/2015) |
| 10/18/2015 | <u>62</u><br>(50 pgs) | Reply to (related document(s): <u>60</u> Reply filed by Debtor Anthony Paul Manrique) *Declaration of Anthony Paul Manrique in Support of Debtor's Reply to and Opposition to Response to Debtor's Objection to Proof of Claim No. 3 with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 10/18/2015) |
| 10/18/2015 | <u>63</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>61</u> Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/18/2015. (Admin.) (Entered: 10/18/2015) |
| 10/29/2015 | <u>64</u><br>(17 pgs) | Monthly Operating Report. Operating Report Number: 9. For the Month Ending 9/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 10/29/2015) |

| | | |
|---|---|---|
| 10/29/2015 | <u>22</u><br>(1 pg) | Document/Hearing Held (RE: related document(s)<u>45</u> Motion RE: Objection to Claim filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 10/30/2015) |
| 10/29/2015 | <u>66</u><br>(2 pgs) | Document/Hearing Continued (RE: related document(s)<u>1</u> Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 2/11/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 10/30/2015) |
| 11/16/2015 | <u>67</u><br>(17 pgs) | Monthly Operating Report. Operating Report Number: 10. For the Month Ending 10/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 11/16/2015) |
| 11/16/2015 | <u>68</u><br>(2 pgs) | Order Overruling Debtor's Objection to Proof of Claim No. 3 filed by U.S. Bank National Association (BNC-PDF) (Related Doc # <u>45</u> ) Signed on 11/16/2015 (Mason, Shari) (Entered: 11/16/2015) |
| 11/18/2015 | <u>69</u><br>(1 pg) | Transcript Order Form, regarding Hearing Date 10/29/2015 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 11/18/2015) |
| 11/18/2015 | <u>70</u><br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)<u>68</u> Order on Motion RE: Objection to Claim (BNC-PDF)) No. of Notices: 1. Notice Date 11/18/2015. (Admin.) (Entered: 11/18/2015) |
| 11/19/2015 | 71 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 15-SY-25. RE Hearing Date: 10/29/15, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)<u>69</u> Transcript Order Form (Public Request) filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 11/19/2015) |
| | <u>72</u><br>(14 pgs) | Transcript regarding Hearing Held 10/29/15 RE: In Re: Anthony Paul Manrique. Remote electronic access to the transcript is restricted until 02/19/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription |

| 11/21/2015 | | ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 11/30/2015. Redaction Request Due By 12/14/2015. Redacted Transcript Submission Due By 12/22/2015. Transcript access will be restricted through 02/19/2016. (Hyatt, Mitchell) (Entered: 11/21/2015) |
|---|---|---|
| 12/14/2015 | 73<br>(17 pgs) | Monthly Operating Report. Operating Report Number: 11. For the Month Ending 11/30/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 12/14/2015) |
| 01/09/2016 | 74<br>(19 pgs) | Monthly Operating Report. Operating Report Number: 12. For the Month Ending 12/31/2015. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 01/09/2016) |
| 01/15/2016 | 75<br>(20 pgs) | Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.* Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 01/15/2016) |
| 01/16/2016 | 76<br>(1426 pgs) | Declaration re: *Declaration of Anthony Paul Manrique in Support of Motion to Reconsider; Exhibits A & B; with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)75 Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.*). (Douglas, Dana) (Entered: 01/16/2016) |
| 01/29/2016 | 77<br>(7 pgs) | Status report *Debtor's Fifth Report on Status of Reorganization with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)66 Document, Hearing (Bk Other) Continued). (Douglas, Dana) WARNING: Hearing location is in Riverside, CA 92501. Modified on 2/1/2016 (Mason, Shari). (Entered: 01/29/2016) |
| | 78<br>(4 pgs) | Notice of Hearing *Motion for Reconsideration with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)75 Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.* Filed by Debtor |

| | | |
|---|---|---|
| 02/04/2016 | | Filed (RE: related document(s)... (Douglas, Dana) (Entered: 02/04/2016) |
| 02/05/2016 | 79 | Hearing Set (RE: related document(s)75 Motion to Reconsider filed by Debtor Anthony Paul Manrique) The Hearing date is set for 3/17/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Mason, Shari) (Entered: 02/05/2016) |
| 02/11/2016 | 80 (15 pgs) | Monthly Operating Report. Operating Report Number: 13. For the Month Ending 1/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 02/11/2016) |
| 02/11/2016 | 81 (1 pg) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 6/9/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 02/12/2016) |
| 02/13/2016 | 82 (5 pgs) | Notice of lodgment *Scheduling Order After Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)66 Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 2/11/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun). (Douglas, Dana) (Entered: 02/13/2016) |
| 02/17/2016 | 83 (2 pgs) | Scheduling Order After Status Conference - (BNC-PDF) Signed on 2/17/2016 (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique). (Mason, Shari) (Entered: 02/17/2016) |
| 02/19/2016 | 84 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)83 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/19/2016. (Admin.) (Entered: 02/19/2016) |
| | 85 (43 pgs; 5 docs) | Opposition to (related document(s): 68 Order on Motion RE: Objection to Claim (BNC-PDF), 75 Motion to Reconsider (related documents 68 Order on Motion RE: |

| | | |
|---|---|---|
| 03/03/2016 | | ...with proof of service. filed by Debtor Anthony Paul Manrique, 76 Declaration filed by Debtor Anthony Paul Manrique) Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Attachments: # 1 Exhibit A Note # 2 Exhibit B Deed of Trust # 3 Exhibit C Assignment of Deed of Trust # 4 Proof of Service) (Garan, Todd) (Entered: 03/03/2016) |
| 03/04/2016 | 86<br>(1 pg) | Order Granting ORDER to continue/reschedule hearing (BNC-PDF) (Related Doc # 8 ) - The hearing regarding the Status Conference re: Chapter 11 is hereby rescheduled from June 9, 2016 at 1:30 pm to June 16, 2016 at 1:30 pm, in Courtroom 302 Signed on 3/4/2016 (Jeanmarie, Cynthia) (Entered: 03/04/2016) |
| 03/06/2016 | 87<br>(2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)86 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 1. Notice Date 03/06/2016. (Admin.) (Entered: 03/06/2016) |
| 03/15/2016 | 88<br>(37 pgs) | Request for judicial notice *in Support of Debtor's Motion for Reconsideration with proof of service.* Filed by Debtor Anthony Paul Manrique (RE: related document(s)75 Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.*). (Douglas, Dana) (Entered: 03/15/2016) |
| 03/16/2016 | 89<br>(3 pgs; 2 docs) | Objection (related document(s): 88 Request for judicial notice filed by Debtor Anthony Paul Manrique) *Objection to Debtors Late Filed Request for Judicial Notice and Motion to Strike the Same* Filed by Creditors Nationstar Mortgage, LLC., U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Attachments: # 1 Proof of Service) (Garan, Todd) (Entered: 03/16/2016) |
| 03/17/2016 | 90<br>(1 pg) | Document/Hearing Held - DENIED - (RE: related document(s)75 Motion to Reconsider filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 03/18/2016) |
| 03/28/2016 | 91<br>(19 pgs) | Monthly Operating Report. Operating Report Number: 14. For the Month Ending 2/29/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 03/28/2016) |

| | | |
|---|---|---|
| 03/30/2016 | 92<br>(5 pgs) | Notice of lodgment *of Order Denying Debtor's Motion for Reconsideration of Order Denying Debtor's Objection to Claim* Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (RE: related document(s)75 Motion to Reconsider (related documents 68 Order on Motion RE: Objection to Claim (BNC-PDF)) *with proof of service.* Filed by Debtor Anthony Paul Manrique). (Garan, Todd) (Entered: 03/30/2016) |
| 04/01/2016 | 93<br>(1 pg) | Transcript Order Form, regarding Hearing Date 03/17/2016 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/01/2016) |
| 04/03/2016 | 94<br>(1 pg) | Transcript Order Form, regarding Hearing Date 03/05/2015 Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/03/2016) |
| 04/04/2016 | 95 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 16-SY-09. RE Hearing Date: 3/17/16, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)93 Transcript Order Form (Public Request) filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 04/04/2016) |
| 04/04/2016 | 96 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 16-SY-10. RE Hearing Date: 3/5/15, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)94 Transcript Order Form (Public Request) filed by Debtor Anthony Paul Manrique) (Mason, Shari) (Entered: 04/04/2016) |
| 04/07/2016 | 97<br>(2 pgs) | Order Denying Debtor's Motion To Reconsider Order Denying Claim Objection (BNC-PDF) (Related Doc # 75) Signed on 4/7/2016. (Mason, Shari) (Entered: 04/07/2016) |
| 04/07/2016 | 98<br>(3 pgs) | Notice *Debtor's Objection to Entry of Order Denying Motion for Reconsideration with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/07/2016) |

| 04/09/2016 | (3 pgs) | document(s)97 Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 1. Notice Date 04/09/2016. (Admin.) (Entered: 04/09/2016) |
| --- | --- | --- |
| 04/12/2016 | 100 (15 pgs) | Monthly Operating Report. Operating Report Number: 15. For the Month Ending 3/31/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/12/2016) |
| 04/12/2016 | 101 | Transcript regarding Hearing Held 03/05/15 RE: In Re: Anthony Paul Manrique. Remote electronic access to the transcript is restricted until 07/11/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 4/19/2016. Redaction Request Due By 05/3/2016. Redacted Transcript Submission Due By 05/13/2016. Transcript access will be restricted through 07/11/2016. (Hyatt, Mitchell) (Entered: 04/12/2016) |
| 04/12/2016 | | Receipt of Appeal/Cross Appeal Filing Fee - $298.00 by 31. Receipt Number 60131164 (admin) (Entered: 04/13/2016) |
| 04/12/2016 | 102 (6 pgs) | Notice of Appeal and Statement of Election to U.S. District Court. (Official Form 417A) . Fee Amount $298 Filed by Debtor Anthony Paul Manrique (RE: related document(s)97 Order on Motion To Reconsider (BNC-PDF)). Appellant Designation due by 4/26/2016. (Hawkinson, Susan) U.S.D.C. Case no # 5:16-cv-00708 DOC. Modified on 4/14/2016 (Hawkinson, Susan). (Entered: 04/13/2016) |
| 04/13/2016 | 103 (12 pgs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 04/13/2016) |
| 04/14/2016 | 104 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) - USCD case no# 5:16-cv-00708 DOC (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 04/14/2016) |
| | 105 | Transcript regarding Hearing Held 03/17/16 RE: In Re: Anthony Paul Manrique. Remote electronic access to the transcript is |

| | | |
|---|---|---|
| 04/18/2016 | | ...transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 4/25/2016. Redaction Request Due By 05/9/2016. Redacted Transcript Submission Due By 05/19/2016. Transcript access will be restricted through 07/18/2016. (Hyatt, Mitchell) (Entered: 04/18/2016) |
| 04/26/2016 | 106 (3 pgs) | Statement of Issues on Appeal with proof of service. U.S.D.C. Case # 5:16-cv-00708-DOC Filed by Debtor Anthony Paul Manrique (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). (Hawkinson, Susan) (Entered: 04/26/2016) |
| 04/26/2016 | 107 (21 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Debtor Anthony Paul Manrique. U.S.D.C. Case # 5:16-cv-00708-DOC (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 5/10/2016. Transmission of Designation Due by 5/26/2016. (Hawkinson, Susan) (Entered: 04/26/2016) |
| 04/26/2016 | 108 (2 pgs) | Notice of transcripts. U.S.D.C. Case no# 5:16-cv-00708-DOC Filed by Debtor Anthony Paul Manrique (RE: related document(s)102 Notice of Appeal and Statement of Election (Official Form 417A)). (Hawkinson, Susan) (Entered: 04/26/2016) |
| 04/28/2016 | 109 (37 pgs) | Disclosure Statement *with proof of service*. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/28/2016) |
| 04/28/2016 | 110 (14 pgs) | Chapter 11 Plan of Reorganization *with proof of service*. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 04/28/2016) |
| 05/03/2016 | 111 | Hearing Set (RE: related document(s)109 Disclosure Statement filed by Debtor Anthony Paul Manrique) Status hearing to be held on 6/16/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 05/03/2016) |
| | 112 (4 pgs) | Notice of Hearing *on Debtor's Disclosure Statement Describing Chapter 11 Plan & Chapter 11 Plan with proof of service*. Filed |

| | | |
|---|---|---|
| 05/10/2016 | | (Douglas, Dana) (Entered: 05/10/2016) |
| 05/10/2016 | [113](#) (4 pgs) | Notice of Hearing *Continued Status Conference with proof of service.* Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 05/10/2016) |
| 05/10/2016 | [114](#) (3 pgs) | Statement of Issues on Appeal *Supplemental* Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (RE: related document(s)[102](#) Notice of Appeal and Statement of Election (Official Form 417A)). (Garan, Todd) (Entered: 05/10/2016) |
| 05/10/2016 | [115](#) (5 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (RE: related document(s)[102](#) Notice of Appeal and Statement of Election (Official Form 417A)). (Garan, Todd) (Entered: 05/10/2016) |
| 05/11/2016 | [116](#) (2 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: 5:16-cv-00708-DOC (RE: related document(s)[102](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) (Entered: 05/11/2016) |
| 05/11/2016 | [117](#) (17 pgs) | Monthly Operating Report. Operating Report Number: 16. For the Month Ending 4/30/2016. Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 05/11/2016) |
| 05/12/2016 | [118](#) (1 pg) | Notice RE: BK Record Complete, Briefing Schedule and Notice of Entry - Re: Appeal US District Court Case #5:16-cv-00708-DOC (RE: related document(s)[102](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Anthony Paul Manrique) (Hawkinson, Susan) Modified on 5/17/2016 (English, Melissa). (Entered: 05/16/2016) |
| 06/02/2016 | [119](#) (50 pgs) | Objection (related document(s): [109](#) Disclosure Statement filed by Debtor Anthony Paul Manrique, [110](#) Chapter 11 Plan filed by Debtor Anthony Paul Manrique) *with Exhibits A-C and Proof of Service (Subject Property: 718 Silverwood Avenue, Upland, California 91786)* Filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N (Garan, Todd) (Entered: 06/02/2016) |

| | | |
|---|---|---|
| 06/13/2016 | 120<br>(4 pgs) | Reply to (related document(s): 119 Objection filed by Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N) *with proof of service*. Filed by Debtor Anthony Paul Manrique (Douglas, Dana) (Entered: 06/13/2016) |
| 06/16/2016 | 121<br>(17 pgs) | Monthly Operating Report. Operating Report Number: 17. For the Month Ending 5/31/2016 . Filed by Debtor Anthony Paul Manrique. (Douglas, Dana) (Entered: 06/16/2016) |
| 06/16/2016 | 122<br>(2 pgs) | Document/Hearing Held - Last day to file amended plan and amended disclosure statement: 7/21/16 - Date Disclosure Statement can be heard, if timely filed: 8/18/16 @ 12:30 pm - Objection by 8/4/16 - Reply by 8/18/16 - (RE: related document(s)109 Disclosure Statement filed by Debtor Anthony Paul Manrique) (Jeanmarie, Cynthia) (Entered: 06/17/2016) |
| 06/16/2016 | 123<br>(2 pgs) | Document/Hearing Continued (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Anthony Paul Manrique) Status hearing to be held on 8/18/2016 at 01:30 PM at Crtrm 302, 3420 Twelfth St., Riverside, CA 92501. The case judge is Scott H. Yun (Jeanmarie, Cynthia) (Entered: 06/17/2016) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/11/2016 17:22:48 | | | |
| **PACER Login:** | bc3461:3245934:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:15-bk-10650-SY Fil or Ent: filed From: 4/12/2013 To: 7/11/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 13 | **Cost:** | 1.30 |

Exhibit No. 2

Dana M. Douglas (SBN 220053)
Attorney at Law
11024 Balboa Blvd., No.431
Granada Hills, CA 91344
818-360-8295 office
213-270-9456 fax
*dana@danamdouglaslaw.com*

Attorney for Debtor
Anthony Paul Manrique

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re

ANTHONY PAUL MANRIQUE,

                                    Debtor.

Case No. 6:15-bk-10650-SY

Chapter 11

**NOTICE OF OBJECTION AND
OBJECTION TO PROOF OF CLAIM NO.
3 FILED BY U.S. BANK NATIONAL
ASSOCIATION; MEMORANDUM OF
POINTS AND AUTHORITIES;
DECLARATIONS OF ANTHONY PAUL
MANRIQUE & DANA M. DOUGLAS IN
SUPPORT THEREOF**

Hearing:
Date:       August 20, 2015
Time:       1:30 pm
Location:   Courtroom 302
            3420 Twelfth St.
            Riverside, CA 92501

**TO THE HONORABLE SCOTT H. YUN, UNITED STATES BANKRUPTCY JUDGE;**

**THE OFFICE OF THE UNITED STATES TRUSTEE; AND ANY OTHER CREDITORS**

**AND PARTIES IN INTEREST:**



1
**OBJECTION TO CLAIM**

1         PLEASE TAKE NOTICE that on August 20, 2015, at 1:30 pm, at the United

2   States Bankruptcy Court located at in Courtroom 302 of the above-entitled Court

3   located at 3420 Twelfth Street in Riverside, California 92501, Anthony Paul

4   Manrique (hereinafter the "Debtor"), in the above-captioned Chapter 11 case, shall,

5   and does hereby submit his Objection to Proof of Claim No. 3 (hereinafter "POC")

6   filed by U.S. Bank National Association, as Trustee for LEHMAN XS TRUST

7   MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N ("US Bank").

8         The Objection is based on the contention that (i) the amount US Bank indicates

9   in the POC that it is owed, or will be owed, include amounts that Debtor has already

10  paid and will continue to pay directly to other entities; (ii) US Bank has failed to

11  provide a requested accounting of the life of the loan that would enable Debtor to be

12  certain of the amounts claimed as principal and interest on the loan; and (iii) the

13  POC does not address or resolve the conflicting claims as to who is the real party in

14  interest on the Note and Deed of Trust.

15        The Objection is based upon this Notice of Objection and Objection, the attached

16  Declarations, all pleadings and records on file in this case, and upon such other

17  evidentiary matters as may be presented to the Court regarding the Objection.

18        PLEASE TAKE FURTHER NOTICE that pursuant to *Local Bankruptcy Rule*

19  *9013-1*, any party opposing the relief sought by the Objection must file a written

20  opposition setting forth the facts and law upon which the opposition is based and

21  must appear at the hearing on the Objection. Any factual allegations set forth in

22  such written response must be supported by competent and admissible evidence.

23  Any response or opposition to the Objection must be filed with the Court and served

24  Debtor's counsel at least fourteen (14) days prior to the scheduled hearing date on

25  the Objection (not excluding Saturdays, Sundays or legal holidays).  Such

26  responses, if any, must be served on the Debtor's counsel at the address noted in

27  upper left-hand corner of the first page of this Notice. Pursuant to *Local Bankruptcy*

28

**OBJECTION TO CLAIM**

DANA H. DOUGLAS
Attorney At Law

000046

1    *Rule 9013-1*, any response not timely filed and served may be deemed by the Court

2    to be consent to the granting of the relief requested by the Objection.

3        WHEREFORE, Debtor respectfully requests that US Bank amend its POC to the

4    correct amount it claims to be owed, provide a life of loan history so that the correct

5    loan amounts can be determined, and provide a verifiable chain of title so that the

6    actual party in interest to the Note and Deed of Trust can be verified or, alternatively,

7    that the Court enter an order reducing the US Bank Proof of Claim (Claim No. 3) to the

8    appropriate amount, and such other and further relief as is just and proper under the

9    circumstances.

10

11    Dated:  July 22, 2015                   /s/ Dana M. Douglas

                                              Dana M. Douglas

12                                   Attorney at Law

                                  *Attorney for Debtor*

13                                   Anthony Paul Manrique

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OBJECTION TO CLAIM**

DANA M. DOUGLAS
Attorney At Law

000047

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### I.    Case Background

3    Anthony Paul Manique (hereinafter "Debtor"), Debtor and Debtor-in-Possession in

4    the above-referenced Chapter 11 case, commenced his bankruptcy case by filing a

5    voluntary petition under Chapter 11 of the Bankruptcy Code on January 26, 2015.

6    In Debtor's Schedule A filed at the commencement of the case he listed several, if

7    not all, of the potential claimants of the mortgage on the residence based upon those

8    parties who had and have asserted an interest in the mortgage and/or the residence

9    and identified the claim as disputed, partly because of the various conflicting claimants

10    and also because Debtor has received conflicting statements from the parties

11    concurrently and separately asserting different balances, payment amounts and

12    interest rates in regard to the loan.

13    On March 6, 2015, U.S. Bank National Association, as Trustee for LEHMAN XS

14    TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N ("US Bank")

15    filed its POC (Claim No. 3) in the amount of $492,647.50 for money loaned and secured

16    by Debtor's residence located at 718 Silverwood Avenue in Upland, California 91786.  A

17    true and correct copy of the US Bank POC is attached hereto as EXHIBIT A.

18    In April, 2015, Debtor tendered a Request for Information under Regulation X of

19    the Mortgage Servicing Act (the "Request") to Nationstar Mortgage LLC seeking, among

20    other things, the name and contact information for the holder of the Note and Deed of

21    Trust within 10 days receipt of the Request and a life of loan history and other

22    information within 30 days of receipt of the Request.  Nationstar has never replied to

23    the Request.  A true and correct copy of the Request is attached hereto as EXHIBIT B.

24

### II.    ERRORS/OMISSIONS IN THE US BANK POC

25

**A.    Escrow Disbursements & Demands For Reimbursement**

26    The POC lists amounts US Bank claims it is owed (beginning on page 7 and

27    continuing thereafter) of $1378.46 and $1378.46 for tax disbursements made, and to

28    be made in 2015, and $609.00 for insurance disbursements made in 2015.  However,



4
**OBJECTION TO CLAIM**

1   Debtor tenders the tax and insurance payments directly to the taxing authority and the

2   insurer and, except for a short period in 2012 when he was instructed not to make the

3   payments while his request for mortgage assistance was being considered (the

4   modification request was ultimately denied), Debtor has always paid, thereafter

5   resumed paying, and will continue to pay the taxes and insurance directly as they come

6   due without the sums being escrowed by the mortgage servicer.  The POC includes

7   these sums US Bank despite Debtor having already paid some of the sums and there

8   being no evidence, to Debtor's knowledge, of any such payments having been tendered

9   by US Bank in addition to the payments tendered by Debtor.

10          **B.      Unsupported Claim Amount(s)**

11          Because Nationstar Mortgage LLC has failed or refused to respond to Debtor's

12  multiple request(s) for information related to a life of loan history, payments made and

13  received under Real Estate Settlement Procedures Act, and the POC does not account

14  for how the amount of the secured claim or the purported amount of arrearages and

15  other charges as of the time the case was filed were determined, Debtor is unable to

16  confirm the accuracy of the amounts claimed because Debtor cannot accurately assess

17  whether all of his mortgage payments, which have been tendered to various parties

18  claiming the right to collect payment, have been received and applied on his account.

19          Additionally, the terms of Debtor's Note expressly provide that in the event of an

20  endorsement of the Note to another party, the obligations under the note executed by

21  the borrowers become jointly shared by the originator of the debt instruments, namely

22  Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender, but there has been

23  no accounting of the amount of funds paid by the endorser of the Note to any endorsee

24  or payee on Debtor's Note as described in Paragraph 9 of the Note as executed by

25  Debtor in favor of the loan originator and mortgage correspondent – despite a number of

26  apparent transfers or assignments of the Note that would trigger the originator's

27  obligation to tender such payments. (See page 15 of the POC attached hereto as

28  EXHIBIT A.)

DANA H. DOUGLAS
Attorney At Law

5
**OBJECTION TO CLAIM**

1    Moreover, because Debtor has received conflicting statements from Nationstar

2  Mortgage LLC in regard to the account, he has a valid concern as to the actual amount

3  of the claim and, in the absence of evidence to the contrary, asserts that the amounts

4  stated for the amount of the secured claim and the amount of arrearages at time of

5  filing are not correct.

6         **C.     Unresolved, Undocumented & Conflicting Claimant Issues**

7    As noted above, the originator of the Note and Deed of Trust was Countrywide

8  Home Loans d/b/a America's Wholesale Lender.

9    Here the law offices of Pite Duncan, LLP as creditor's authorized agents have filed

10  a proof of claim wherein Nationstar Mortgage LLC is identified as the party to receive

11  payments and notices in regard to the claim and the creditor is identified as U.S. Bank

12  National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH

13  CERTIFICATES, SERIES 2007-16N. However, according to public records, Nationstar

14  Mortgage LLC has claimed a secured interest in Debtor's mortgage loan since July 30,

15  2013, pursuant to an assignment of a deed of trust from Bank of America, N.A., to

16  Nationstar Mortgage LLC.

17    Further, as outlined below, several entities have also claimed an interest in

18  mortgage payments from the debtor at various times, however, none of the entities that

19  have claimed the note includes Bank of America, N.A., as a creditor at any time with

20  authority to assign any interest to Nationstar Mortgage LLC, or anyone else:

21

| Date | Entity claiming the Note |
|------|--------------------------|
| 07/17/2007 | PARK GRANADA 10212670.1 SR |
| 02/10/2011 | AURORA MSF LEHMAN(LXS2007-16N) |
| 06/21/2011 | BAC Home Loan Servicing, L.P. |
| 05/01/2012 | U.S. Bank Corporate Trust Services |
| 06/10/2012 | Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N |
| 06/30/2013 | LEHMAN BROTHERS HOLDINGS INC. |
| 07/22/2013 | LXS 2007-16N |

27    According to F.R.B.P. 3001(c), a properly filed proof of claim, as prescribed by

28  Official Form 10, consists of (1) a creditor's name and address, (2) basis for claim, (3)


DANA H. DOUGLAS
Attorney At Law

6
**OBJECTION TO CLAIM**

000050

1  date debt incurred, (4) amount of claim, (5) classification of claim, and (6) supporting

2  documents, if needed.

3      Further Rule 3001(d) provides: (d) Evidence of Perfection of Security Interest. If a

4  security interest in property of the debtor is claimed, the proof of claim shall be

5  accompanied by evidence that the security interest has been perfected.

6      Here, the Proof of Claim does not provide the address of the creditor, the date the

7  debt was incurred or any supporting documents related to the perfection of the claim.

8  While US Bank claims to have secured claim to a debt instrument and transaction

9  between the Debtor and Countrywide Home Loans, Inc., and Nationstar Mortgage has

10  (previously) claimed to have a secured interest in the debt obligations under Debtor's

11  note as is evidenced by an Assignment of Deed of Trust recorded in the San Bernardino

12  County Recorder's office, the only evidence that US Bank has submitted are copies of

13  Deed of Trust not assigned to it at any time and a copy an unendorsed Note. None of

14  the documents submitted by US Bank evidence a debt or recordation of a lien or show

15  that it is now or has ever been, the owner, or assignee of Debtor's Deed of Trust or Note.

16      Neither US Bank as Trustee of Trust nor NationStar Mortgage LLC has submitted

17  any evidence of title to Debtor's debt instruments nor is there a chain of title evidencing

18  how they have standing to assert a claim in this case and the basis of the secured

19  claim.  While US Bank claims to have a secured claim to a debt instrument and

20  transaction between the Debtor and Countrywide Home Loans, Inc., Nationstar

21  Mortgage LLC has previously claimed to have a secured interest in the debt obligations

22  under Debtor's note as evidenced by an Assignment of Deed of Trust recorded in the

23  San Bernardino County Recorder's office. Here, however, the only evidence that US

24  Bank has submitted are copies of Deed of Trust not assigned to it at any time by any of

25  its record holders, a copy of an unendorsed Note, and a recorded assignment of the

26  Deed of Trust from MERS which does not possess that assignment authority asserted in

27  the document. What US Bank has provided in the POC is *hearsay* evidence of its

28  secured claim coupled with a purported statement of principal and interest due to them

**OBJECTION TO CLAIM**

DANA FL DOUGLAS
Attorney At Law

1  as secured creditors as of petition date, a copy of an account statement without any

2  accounting. Debtor objects to the evidence presented as insufficient, confusing and

3  contradictory.

4      In view of the above, Debtor seeks an order of this Court (i) reducing the

5  Proof of Claim (hereinafter "POC"), Claim No. 3, filed by creditor US Bank in accord with

6  the amounts Debtor has in the past and continues to pay directly to the taxing

7  authority and insurance provider, (ii) requiring US Bank to provide evidence of the

8  secured claim and arrearage amounts as of the date of filing via a loan history and (iii)

9  requiring US Bank to provide a chain of title evidencing its position as secured creditor.

10  ## II.    OBJECTION

11      Section 502(a) of the Bankruptcy Code provides that "a claim or interest, proof of

12  which is filed under section 501 of this title, is deemed allowed, unless a party in

13  interest . . objects."

14      The prima facie evidentiary effect granted to the filing of a properly completed

15  proof of claim by Federal Rule of bankruptcy procedure 3001(f) only serves to require an

16  objecting party to provide evidence rebutting the claim.  See, e.g. *In re fidelity Holding*

17  Co., Ltd., 837 F. 2d 696, 698 (5th Cir. 1988):

18      "A party objecting to a claim has the initial burden of presenting factual evidence
       tending to defeat the prima facie validity of a proof of claim without the burden of
19      ultimate persuasion. *In re Distrigas Corp.,* 75 B.R. 770, 772,73 (Bankr. D. Mass.
       1987). Citing King, 3 Collier on Bankruptcy, ¶502-17, 18 (15th Ed. 1988).
20
       Section 502(b) of the Bankruptcy Code provides a number of grounds on which a
21
   portion of a claim may be disallowed, including where "such claim is unenforceable
22
   against the debtor and property of the debtor, under any agreement or applicable law for
23
   a reason other than because such claim is contingent or unmature." 11 U.S.C. §
24
   502(b)(1).
25
       Under § 502 of the Bankruptcy Code and Bankruptcy Rule 3007, if an objection to
26
   claim is made, the Court "is authorized to determine the amount of the claim." *See, e.g.,*
27

28

**OBJECTION TO CLAIM**

DANA H. DOUGLAS
Attorney At Law

1  *MB Property, L.P. v. Official Creditors for the Estate of AB Liquidating Corp. (In re AB*
2  *Liquidating Corp.),* 416 F.3d 961, 962 (9th Cir. 2005) (affirming lower courts' decision
3  sustaining objection to creditor's proof of claim); *Epstein v. Official Comm. of Unsecured*
4  *Creditors (In re Piper Aircraft, Corp.),* 58 F.3d 1573, 1578 (11th Cir. 1995) (same).

5  Moreover, the legislative history of § 502 provides that "a proof of claim or interest
6  is *prima facie* evidence of the claim or interest. Thus, it is allowed under subsection (a)
7  unless a party, [sic] in interest objects." House Rep. No. 95-595, 95th Cong., 1st Sess.
8  351 (1977); Senate Rep. No. 95-989, 95th Cong., 2d Sess. 62 (1978). Under these rules,
9  Debtor objects to US Bank's POC.

10  ## A. **Burden of Proof**

11  A proof of claim constitutes prima facie evidence of the validity and amount of the
12  claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f). However, a claim must not be
13  allowed if that claim is unenforceable against the debtor and property of the debtor,
14  under any agreement or applicable law. 11 U.S.C. § 502 (b)(1). Further, objections to
15  POCs based on alleged insufficiency of supporting documentation may establish a basis
16  for finding that claims are not entitled to prima facie validity. *See* 11 U.S.C. § 502(b);
17  Fed. R. Bankr. P. 3001(c).

18  Moreover, once the objector raises "facts tending to defeat the claim by probative
19  force equal to that of the allegations of the proofs of claim themselves," *Wright v. Holm*
20  *(In re Holm),* 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant
21  to prove the validity of the claim by a preponderance of the evidence." *Ashford v.*
22  *Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage),* 178 B.R. 222,
23  226 (B.A.P. 9th Cir. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).

24  If a claimant cannot produce sufficient evidence to prove his, her, its own claim,
25  it becomes subject to disallowance.

26  "If the objecting party rebuts the claimant's prima facie case, it is for the
   claimant to prove his claim, not for the objector to disprove." *In re Greene*, 71
27  B.R. 104, 106 (Bankr. S.D.N.Y. 1987).

28

DIANA M. DOUGLAS
Attorney At Law

9
**OBJECTION TO CLAIM**

1  The presumption treating the proof of claim as prima facie evidence of validity

2  and amount operates to create a mere rebuttable presumption. If rebutted, then the

3  ultimate burden of proof is on the claimant. See *In re Sierra Steel, Inc.*, 96 B.R. at 277.

4  As a result of this shifting burden, "the ultimate burden of persuasion is always

5  on the claimant." *Holm*, 931 F.2d at 623; see also *Fidelity Holding*, 837 F.2d at 698.

6  Additionally, an objection based upon a lack of proper documentation specifically

7  requires the claimant to establish the claim by a preponderance of the evidence or be

8  subject to disallowance. *In re Heath* at 433-35.

9  Debtor disputes that the outstanding balance on the Note and Deed of Trust at

10 the time of filing is the amount claimed by US Bank.  Moreover, Debtor disputes that

11 the amount claimed appropriately includes, at a minimum, property taxes and

12 insurance either at time of filing or on a prospective basis.  Additionally, US Bank has

13 failed to show that it is the party to whom Debtor's payments are to be paid.

14 Debtor believes the POC must be amended to remove erroneous amounts and to

15 provide the basis/calculation for the amounts US Bank claims as due at the time of filing.

16 Debtor also seeks evidence that US Bank holds the recorded interest in the Note and Deed

17 of Trust.  Alternatively, Debtor would ask that the claim be reduced or disallowed and

18 such other and further relief as is just and proper under the circumstances.

19                                    **III.    CONCLUSION**

20 WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests

21 that US Bank amend its POC to remove erroneous amounts, provide the basis/calculation

22 for the amounts claimed as due at the time of filing and provide evidence that it

23 appropriately holds the recorded interest in the Note and Deed of Trust, or alternatively

24 that the Court enter an order reducing or disallowing the Proof of Claim (hereinafter

25 "POC"), Claim No. 3, filed by US Bank and such other and further relief as is just and

26 proper under the circumstances.

27

28



**OBJECTION TO CLAIM**

000054

1 | Dated:  July 22, 2015                          /s/ Dana M. Douglas
                                                   Dana M. Douglas
2                                                  Attorney at Law
                                                   *Attorney for Debtor*
3                                                  Anthony Paul Manrique

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **DECLARATION OF ANTHONY PAUL MANRIQUE IN SUPPORT**

2    I, Anthony Paul Manrique, declare as follows:

3    1.    I am the Debtor herein. I have personal knowledge of the facts set
4    forth herein, and if called as a witness, I could and would testify competently with
5    respect thereto. Where facts are alleged upon information and belief, I believe them
6    to be true.

7    2.    I commenced my bankruptcy case by filing a voluntary petition under
8    Chapter 11 of the Bankruptcy Code on January 26, 2015.

9    3.    I object to the claim of US Bank as Trustee for LEHMAN XS TRUST
10   MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N ("US Bank") Proof of
11   Claim ("POC") No. 3, in the amount of $492,647.50 for money loaned under a Note and
12   Deed of Trust secured by my residence located at 718 Silverwood Avenue in Upland,
13   California 91786 (the "Residence"). I dispute this claim as I do not believe the balance
14   claimed due on the POC is accurate. Moreover, prior to commencing the bankruptcy
15   case I was aware of conflicting claims to the rights and obligations under the debt
16   instruments and the POC does not address these conflicts.

17   4.    On March 6, 2015, US Bank filed its POC. A true and correct copy of the
18   US Bank POC is attached hereto as EXHIBIT A.

19   5.    The POC claims US Bank is owed monies to pay the property taxes and
20   insurance for the Residence. Except for a short period in 2012 when I was instructed
21   not to pay these directly while my loan was being considered for modification, I have
22   always paid the property taxes and insurance directly to those entities. I continue to
23   pay these expenses directly and have already paid, or will pay when due, the sums US
24   Bank claims it will disburse, or has already disbursed, on my behalf in 2015 for
25   property taxes and insurance. I object to the POC because is includes amounts I do not
26   owe to US Bank or any party to the debt instruments.

27   6.    I have made mortgage payments to Countrywide Home Loans and Bank of
28   America, N.A., and have received correspondence from others, to whom I may also have



12
**OBJECTION TO CLAIM**

1  issued payment, claiming an interest in the loan. Also, the Note is subject to variable

2  rates of interest. I have requested, but have not received, a loan history so that I can be

3  certain all of my payments to the various entities have been received and applied and

4  also to be certain that the interest rates applicable to the principal have also been

5  appropriately applied. In the absence of that information, I object to the POC because

6  the calculations and transactions used to arrive at the amount of the claim as of the

7  date the bankruptcy case was filed may be incorrect and, for this further reason, I

8  believe the POC likely states a claim greater than what I owe.

9      7.    In addition to my own search in regard to the documents recorded on the

10  title history of the Residence, I have been contacted by many entities that claim to have

11  the right to payment on the loan. I have learned that although US Bank as Trustee for

12  LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N

13  claims to be the creditor, there are many entities that claim, or have claimed, to be the

14  creditor but I have been contacted or received notices from the following:

| Date | Entity claiming the Note |
|---|---|
| 07/17/2007 | PARK GRANADA 10212670.1 SR |
| 02/10/2011 | AURORA MSF LEHMAN(LXS2007-16N) |
| 06/21/2011 | BAC Home Loan Servicing, L.P. |
| 05/01/2012 | U.S. Bank Corporate Trust Services |
| 06/10/2012 | Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N |
| 06/30/2013 | LEHMAN BROTHERS HOLDINGS INC. |
| 07/22/2013 | LXS 2007-16N |

20  Not included in the group above is Nationstar Mortgage LLC which does not appear to

21  claim to be the creditor in the POC but has a recorded interest on title of the Residence.

22  I object to the POC to the extent that it claims an interest US Bank either does not have

23  at all or which is void because it was received via an assignment from an entity that did

24  not have the interest it purported to transfer.

25      8.    I am asking that an amended POC be filed addressing these objections or

26  that the Court enter an order reducing or disallowing the US Bank's claim.

27

28

**OBJECTION TO CLAIM**

DANA H. DOUGLAS
Attorney At Law

1        I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3        Executed on this 22nd day of July, 2015, at Upland, California.

4

5

6                                        Anthony Paul Manrique, Debtor

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OBJECTION TO CLAIM**



1               **DECLARATION OF DANA M. DOUGLAS IN SUPPORT**

2        I, Dana M. Douglas, declare as follows:

3        1.     I am an attorney at law licensed in the State of California and authorized

4 to practice before the District Courts in California including the Central District of

5 California, and before this Court. I am over the age of eighteen (18). I have personal

6 knowledge of the facts set forth herein, and if called as a witness, I could and would

7 testify competently with respect thereto. Where facts are alleged upon information and

8 belief, I believe them to be true.

9        2.     In April, 2015, I prepared and mailed on Debtor's behalf a Request for

10 Information under Regulation X of the Mortgage Servicing Act (the "Request") to

11 Nationstar Mortgage LLC, the party identified in the POC to receive notices at the

12 address specified therein, seeking, among other things, the name and contact

13 information for the holder of the Note and Deed of Trust within 10 days receipt of the

14 Request and a life of loan history and other information within 30 days of receipt of the

15 Request. The Request was received by Nationstar on May 4, 2015. A true and correct

16 copy of the Request and the Acknowledgment of Receipt is attached hereto as EXHIBIT

17 B.

18        3.     I have not received any response to the Request.

19       I declare under penalty of perjury under the laws of the United States of

20 America that the foregoing is true and correct.

21       Executed on this 22nd day of July, 2015, at Los Angeles, California.

22

23                           /s/ Dana M. Douglas
                             Dana M. Douglas
                             Attorney at Law

24                              *Attorney for Debtor*
                             Anthony Paul Manrique

25

26

27

28

  DANA M. DOUGLAS
  Attorney At Law

                  **OBJECTION TO CLAIM**

000059

EXHIBIT A

Proof of Claim 3

U.S. Bank, National Association

Case 6:15-bk-10650-SY Claim 35 Filed 03/06/15 Desc Main Document Page 1 of 3
Case 5:16-cv-00708-DOC Document 14 Filed 07/13/17 Page 72 of 90 Page ID #:141
B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | Central District of California | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br><br>Anthony Paul Manrique aka Anthony Manrique | Case Number:<br><br>6:15-bk-10650-SY | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

U.S. Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N

**COURT USE ONLY**

Name and address where notices should be sent:
Nationstar Mortgage LLC
PO Box 619096
Dallas TX 75261• 9741
Telephone number:            email:
            (877) 343-5602

❐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):
Nationstar Mortgage LLC
PO Box 619094
Dallas TX 75261• 9741
Telephone number:            email:
            (877) 343-5602

❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**        $    492,647.50

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** MONEY LOANED
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>******3989 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ 45,117.94

**Nature of property or right of setoff:** ☑Real Estate  ❐Motor Vehicle  ❐Other
**Describe:** 718 Silverwood Avenue, Upland, California 91786

**Basis for perfection:** Mortgage/Deed of Trust

**Value of Property: $_____**

**Amount of Secured Claim:** $ 492,647.50

**Annual Interest Rate** 2.750 % ❐Fixed  or  ☑Variable
(when case was filed)

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

**Amount entitled to priority:**

❐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

000061

B10 (Official Form 10) (04/13)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Matthew R. Clark (CA SBN 271054)
Title: ATTORNEY
Company: PITE DUNCAN, LLP
Address and telephone number (if different from notice address above):
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone number: (858) 750-7600   email: mclark@piteduncan.com

(Signature)   02/11/2015

(Date)

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____     _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

B 10A (Attachment A) (12/11)

## Mortgage Proof of Claim Attachment

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See Bankruptcy Rule 3001(c)(2).

| | | | |
|---|---|---|---|
| Name of debtor: | Anthony Paul Manrique aka Anthony Manrique | Case number: | 6:15-bk-10650-SY |
| Name of creditor: | U.S. Bank National Association, as Trustee for LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N | Last four digits of any number you use to identify the debtor's account | ******3989 |

### Part 1: Statement of Principal and Interest Due as of the Petition Date

Itemize the principal and interest due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

| 1. Principal due | | | | | | (1) | $ 446,127.09 |
|---|---|---|---|---|---|---|---|

| 2. Interest due | Interest rate | From mm/dd/yyyy | To mm/dd/yyyy | Amount | | | |
|---|---|---|---|---|---|---|---|
| | 7.125 % | 5/1/2012 | 7/31/2012 | $7,946.64 | | | |
| | 3.375 % | 8/1/2012 | 7/31/2013 | $15,056.79 | | | |
| | 3 % | 8/1/2013 | 7/31/2014 | $13,383.81 | | | |
| | 2.75 % | 8/1/2014 | 1/26/2015 | $5,985.79 | | | |
| | Total interest due as of the petition date | | | $42,373.03 | Copy total here ▶ | (2) | $42,373.03 |

| 3. Total principal and interest due | | | | | | (3) | $488,500.12 |
|---|---|---|---|---|---|---|---|

### Part 2: Statement of Prepetition Fees, Expenses, and Charges

Itemize the fees, expenses, and charges due on the claim as of the petition date (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates incurred | | Amount |
|---|---|---|---|
| 1. Late charges | | (1) | $ 0.00 |
| 2. Non-sufficient funds (NSF) fees | | (2) | $ 0.00 |
| 3. Attorney's fees | 9/11/14 | (3) | $ 500.00 |
| 4. Filing fees and court costs | | (4) | $ 0.00 |
| 5. Advertisement costs | | (5) | $ 0.00 |
| 6. Sheriff/auctioneer fees | | (6) | $ 0.00 |
| 7. Title costs | 7/8/14, 9/22/14 | (7) | $ 1,993.00 |
| 8. Recording fees | 9/11/14 | (8) | $ 92.20 |
| 9. Appraisal/broker's price opinion fees | | (9) | $ 0.00 |
| 10. Property inspection fees | 4/9/14, 5/5/14, 6/2/14, 7/23/14, 9/10/14, 10/8/14, 11/26/14, 12/24/14, 1/14/15 | (10) | $ 150.00 |
| 11. Tax advances (non-escrow) | | (11) | $ 0.00 |
| 12. Insurance advances (non-escrow) | | (12) | $ 0.00 |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | | (13) | $ 1,747.00 |
| 14. Property preservation expenses. Specify: | | (14) | $ 0.00 |
| 15. Other. Specify: Postpetition Bankruptcy Attorney's Fees | 2/6/15 | (15) | $ 750.00 |
| 16. Other. Specify: Mailing Costs | 9/17/14 | (16) | $ 13.16 |
| 17. Other. Specify: | | (17) | $ 0.00 |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $5,245.36 |

B 10 (Attachment A) (12/11)                                                                        Page 2

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☐ No

☒ Yes    Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law



| 1. | Installment payments due | Date last payment received by creditor | | | | 5/11/2012 | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Number of installment payments due | | | | (1)   32 | | | |
| 2. | Amount of installment payments due | 2   installments | From 6/1/2012 | To 7/1/2012 | @ | $2,648.88 | = $5,297.76 | | |
| | | 12   installments | From 8/1/2012 | To 7/1/2013 | @ | $1,254.73 | = $15,056.76 | | |
| | | 12   installments | From 8/1/2013 | To 7/1/2014 | @ | $1,115.32 | = $13,383.84 | | |
| | | 6   installments | From 8/1/2014 | To 1/1/2015 | @ | $1,022.37 | = $6,134.22 | | |
| | | Total installment payments due as of the petition date | | | | $39,872.58 | Copy total here ▶ | (2) | $39,872.58 |
| 3. | Calculation of cure amount | Add total prepetition fees, expenses, and charges | | | | | Copy total from Part 2 here ▶ | + | $5,245.36 |
| | | Subtract total of unapplied funds (funds received but not credited to account) | | | | | | - | $ 0.00 |
| | | Subtract amounts for which debtor is entitled to a refund | | | | | | - | $ 0.00 |
| | | Total amount necessary to cure default as of the petition date | | | | | | (3) | $45,117.94 |

Copy total onto Item 4
of Proof of Claim form

Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

Steven W. Pite *CA/NV/WA*    Josephine E. Salmon    Joseph C. Delmotte *CA*    Jesse Baker *OR/UT/WA*    Robert P. Zahradka *CA*
David E. McAllister    *AK/AZ/CA/NY*    Bryan S. Fairman *CA*    Todd Garan *CA*    Greg P. Campbell *CA*
*AZ/CA/HI/OR/UT/WA*    Gagan G. Vaideeswaran *CA*    Anh P. Nguyen *TX*    Matthew R. Clark, III    Gina J. Kim *CA*
Casper J. Rankin    Megan E. Lees *CA*    Philip Giles *AZ/CA*    *CA/NY*    Justin S. Moyer *CA*
*AZ/CA/OR/ID/WA*    Ace C. Van Patten *ID/NV*    Arnold L. Graff *CA/UT/WI*    Drew A. Callahan *CA*
Eddie R. Jimenez *CA/NV/TX*    Jonathan C. Cahill *CA*
Christopher McDermott *CA*

## PROOF OF CLAIM DISCLOSURES

IN RE: **MANRIQUE, ANTHONY PAUL AKA ANTHONY MANRIQUE**
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

CASE NO. 6:15-bk-10650-SY

CREDITOR: U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N

| First Post Petition Payment | Principal & Interest | Escrow | Total |
|---|---|---|---|
| 2/1/2015 | $1,115.32 | $280.49 | $1,395.81 |

1. The amount of the post-petition payments is subject to change per the terms of the Note and Deed of Trust/Mortgage.
2. This Proof of Claim shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004 notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purpose of service under Fed. R. Bankr. P. 7004.
3. Please be on notice that the Post-Petition Attorneys' Fees and Costs listed in Part 2 of the Mortgage Proof of Claim Attachment include the post-petition preparation and filing of this Proof of Claim; obtaining and reviewing the Chapter 11 Plan; and the preparation, filing and service of a Request for Courtesy Notice to monitor this bankruptcy. These post-petition fees are included in the Proof of Claim so that the subject loan is current upon completion of the Plan. If the Debtor(s) object to these fees being included in the Proof of Claim, please contact Steven Pite at (858)-750-7600 in order to have these fees and costs removed from the Proof of Claim.

2501 S State Hwy. 121 Bus.
Suite 100
Lewisville, Texas 75067

# Annual Escrow Account
# Disclosure Statement

ANTHONY PAUL MANRIQUE
ALISA ARLENE MANRIQUE

718 SILVERWOOD AVE
UPLAND, CA 91786

| Loan Number | |
|---|---|
| Analysis Date | February 5, 2015 |
| **Previous Payment** | |
| Principal & Interest | $ 1,115.32 |
| Escrow | $ 295.77 |
| Total | $ 1,411.09 |
| **New Payment** | |
| Effective Date | February 1, 2015 |
| Principal & Interest | $ 1,115.32 |
| Escrow | $ 280.49 |
| **Total** | **$ 1,395.81** |

The purpose of the Coming Year Escrow Projection is to determine the lowest balance "Low Point" to which your escrow account will decline over the upcoming year. The purpose of the Low Balance Summary is to compare the projected and allowable low point amounts. If the projected low point is greater than the allowable low point, there is a surplus. If the projected low point is less than the allowable low point, there is a shortage and/or deficiency which will be recovered by an adjustment to your monthly payment over a specified number of months. The adjustment amount(s) appears in the Low Balance Summary and New Payment information.

**Our records indicate that you have filed a bankruptcy.** This statement is sent for informational purposes only and is not an attempt to collect a debt. It does not alter or affect the terms of your bankruptcy proceedings. Please disregard the payment information if it conflicts with any order or requirement of the court.
If you filed a Chapter 13, any unpaid amounts prior to the filing of your bankruptcy petition may be paid through and in accordance with your bankruptcy plan. If you are a Chapter 13 debtor whose plan requires you to make regular post petition payments directly to the Chapter 13 trustee, any payment should be remitted to the trustee directly and not to Nationstar Mortgage LLC.

| Escrow Accounts Summary | |
|---|---|
| Tax | $ 2,756.92 |
| Insurance | $ 609.00 |
| Lender-Placed Insurance | $ - |
| Mortgage Insurance | $ - |
| **Annual Total** | **$ 3,365.92** |
| **Approximate Monthly Deposit** | **$ 280.49** |
| Monthly Deposit Without Mortgage Insurance | $ 280.49 |
| RESPA Cushion (About Two Monthly Deposits)* | $ 560.99 |

This column shows your new monthly escrow deposits over the next escrow cycle.

| Escrow Included in Proof of Claims | |
|---|---|
| Bankruptcy Filing Date | January 26, 2015 |
| Total Escrow Funds Advanced by Your Servicer at Filing Date | $ 649.02 |
| Plus Balance Required at Filing to Maintain RESPA Minimum | $ 1,097.98 |
| Minus Escrow Account Balance at Filing Date | $ - |
| **Total Shortage at Filing Date** | **$ 1,747.00** |

These columns show when each of your escrow accounts is expected to be paid during the next escrow cycle.

This column shows what your escrow balance would be without any additional funds.

This column shows the calculation of the amount of funds needed to maintain your RESPA cushion* through the next escrow cycle.

### Escrow Balance Projection

| Month | Escrow Payment | Tax Disbursements | Insurance Disbursements | LPI Disbursements | Mortgage Insurance Disbursements | Balance | Required Balance |
|---|---|---|---|---|---|---|---|
| | | | | | Beginning Balance $ | $ - | $ 1,097.98 |
| Feb 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ 280.49 | $ 1,378.47 |
| Mar 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ 560.98 | $ 1,658.96 |
| Apr 2015 | $ 280.49 | $ 1,378.46 | $ - | $ - | $ - | $ (536.99) | $ 560.99 * |
| May 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ (256.50) | $ 841.48 |
| Jun 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ 23.99 | $ 1,121.97 |
| Jul 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ 304.48 | $ 1,402.46 |
| Aug 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ 584.97 | $ 1,682.95 |
| Sep 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ 865.46 | $ 1,963.44 |
| Oct 2015 | $ 280.49 | $ - | $ - | $ - | $ - | $ 1,145.95 | $ 2,243.93 |
| Nov 2015 | $ 280.49 | $ - | $ 609.00 | $ - | $ - | $ 817.44 | $ 1,915.42 |
| Dec 2015 | $ 280.49 | $ 1,378.46 | $ - | $ - | $ - | $ (280.53) | $ 817.45 |
| Jan 2016 | $ 280.49 | $ - | $ - | $ - | $ - | $ (0.04) | $ 1,097.94 |
| **Totals** | $ 3,365.88 | $ 2,756.92 | $ 609.00 | $ - | $ - | | |

| Balance Required at Filing to Maintain RESPA Cushion* $ | 1,097.98 |
|---|---|

* - The cushion allowed by federal law (RESPA) is two times your monthly escrow payment excluding any mortgage insurance payments, unless your state's laws specify a lower amount. The highlighted value in the Required Balance column indicates where the RESPA cushion limit is set--this is lowest balance your Escrow account will reach during the next Escrow cycle and all of the other values in the column are based on it.

000067

2501 S State Hwy Ste 125-50808-DOC
Suite 100
Lewisville, Texas 75067

# Annual Escrow Account
# Disclosure Statement

## Escrow Account Transactions Prior to Bankruptcy Filing

| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
|---|---|---|---|---|---|---|---|
| 4/4/2014 | Escrow Advance Recovery | $ - | $ - | $ (649.02) | $ - | $ 649.02 | $ 649.02 |
| 4/4/2014 | Escrow Debit Adj. | $ - | $ - | $ - | $ 649.02 | $ - | $ 649.02 |
| 10/28/2014 | Escrow Advance - Insurance | $ 609.00 | $ - | $ - | $ - | $ 609.00 | $ 1,258.02 |
| 10/28/2014 | Hazard Insurance Disbursed | $ - | $ - | $ - | $ 609.00 | $ - | $ 1,258.02 |
| 1/5/2015 | Hazard Insurance Deposit | $ - | $ - | $ - | $ (609.00) | $ 609.00 | $ 1,258.02 |
| 1/5/2015 | Escrow Advance Recovery | $ - | $ - | $ 609.00 | $ - | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| Subtotals | | $ 609.00 | $ - | $ (40.02) | $ 649.02 | $ - | $ 649.02 |

000068

2501 S Stalte Hwy 121 Bus
Suite 100
Lewisville, Texas 75067

# Annual Escrow Account
# Disclosure Statement

| | | Escrow Account Transactions Prior to Bankruptcy Filing | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| Subtotals | $ | 609.00 | $ - | $ (40.02) | $ 649.02 | $ - | $ 649.02 |

000069

# Annual Escrow Account
# Disclosure Statement

(garbled repeated header text at top of page)

| | | Escrow Account Transactions Prior to Bankruptcy Filing | | | | | |
|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | Total Servicer Advances |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | | | | | | $ - | $ 649.02 |
| | Totals $ | 609.00 | $ - | $ (40.02) | $ 649.02 | $ - | $ 649.02 |

000070

2501 S State Hwy 121 Bus
Suite 100
Lewisville, Texas 75067

# Annual Escrow Account
# Disclosure Statement

| | | | | **Escrow Account Transactions Prior to Bankruptcy Filing** | | | | |
|---|---|---|---|---|---|---|---|---|
| Transaction Date | Description | Servicer Advance to Escrow | Borrower Deposit to Escrow | Servicer Recovery from Escrow | Payment from Escrow | Escrow Account Balance | | Total Servicer Advances |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | | | | | $ | - | $ 649.02 |
| | | Totals $ 609.00 | $ - | $ (40.02) | $ 649.02 | $ | - | $ 649.02 |

000071

Prepared by: VERONICA RIOS

LOAN

# PAYMENT ADVANTAGE
# FIXED/ADJUSTABLE RATE NOTE
(LIBOR One Year Index - Rate Caps)

THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY. FOR A LIMITED TIME I WILL HAVE A PAYMENT OPTION THAT IS LESS THAN THE FULL AMOUNT OF INTEREST DUE. IF I CHOOSE THIS OPTION, THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED.
THIS NOTE CONTAINS A PREPAYMENT PENALTY.

| JUNE 27, 2007 | EL CAJON | CALIFORNIA |
|---|---|---|
| [Date] | [City] | [State] |

718 SILVERWOOD AVENUE, UPLAND, CA 91786-4353
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 388,000.00 ("Principal"), plus interest, to the order of Lender. The Principal may increase as provided under the terms of this Note but will not exceed 115 percent of the Principal amount I originally borrowed. This is called the "Maximum Negative Amortization Cap." If I default under this Note or the Security Instrument, then default charges may cause the Maximum Negative Amortization Cap to be exceeded. Lender is Countrywide Home Loans, Inc. dba America's Wholesale Lender

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or its successors or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

### (A) Fixed Interest Rate

Interest will be charged on unpaid Principal until the full amount has been paid. Interest will initially accrue at a yearly rate of 7.125 %. This is my initial fixed interest rate and is the rate for determining the interest I owe until it changes as provided below. Interest will be charged on the basis of a twelve-month year and a thirty-day month.

### (B) Adjustable Interest Rate

The initial fixed interest rate I owe will change to an adjustable interest rate on the first day of JULY, 2012 and the adjustable interest rate will change on that day every 12* month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date.

### (C) Index

Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Interest Rate Change Date is called the "Current Index."



If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(D) Calculation of Adjustable Interest Rate Changes**

Before each Interest Rate Change Date, the Note Holder will calculate my new adjustable interest rate by adding      2.250 % (this amount is the "Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). This rounded amount will be my new adjustable interest rate until the next Interest Rate Change Date. My adjustable interest rate will never be greater than      12.125 % or lower than the Margin.

**(E) Limits on Interest Rate Changes**

The interest rate in effect at the first Interest Rate Change Date will not be greater than      12.125 % or less than 2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Interest Rate Change Date by more than 2 percentage points from the rate of interest in effect for the preceding 12 months.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will make a payment every month.

I will make my monthly payments on the first                    day of each month beginning on

AUGUST 01, 2007          . I will make these payments every month until I have paid all the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will ˙e applied to interest before Principal. If I still owe amounts under this Note on JULY 01, 2037          . I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at

P.O. Box 10219, Van Nuys, CA 91410-0219

or at a different place if required by the Note Holder.

### (B) Minimum Payment

The "Minimum Payment" is the minimum amount Note Holder will accept for my monthly payment. The Minimum Payment is calculated three (3) different ways during the loan term:

(i)  Until JULY 01, 2017          ("Recast Date") or until the Maximum Negative Amortization Cap is reached, whichever is earlier, the Minimum Payment will be calculated using the then-current interest rate (either fixed or adjustable as described in Section 2) minus      5.000 percentage points. The result of this calculation is called the "Minimum Payment Rate." The Minimum Payment Rate can never be lower than 1%. Since the Minimum Payment Rate is less than the interest rate applied to my unpaid Principal balance, the Minimum Payment will be insufficient to pay the interest portion of the monthly payment and no portion is applied to Principal. When I make a Minimum Payment, which is based on the Minimum Payment Rate that is less than the rate of interest due, the unpaid interest is added to the Principal amount. This is known as "deferred interest" or "negative amortization."

(ii)  If the unpaid Principal balance reaches the Maximum Negative Amortization Cap prior to the Recast Date, my new Minimum Payment will be the amount that would pay only the interest portion of the monthly payment based upon the then-current interest rate, which changes in accordance with Section 2. This is the Minimum Payment in effect until the Recast Date.

(iii)  After the Recast Date and for the remainder of the loan term, the Minimum Payment will be the monthly payment amount necessary to pay the loan off, in full, at the Maturity Date in substantially equal payments based on the then-current interest rate, which changes in accordance with Section 2.

### (C) Initial Monthly Minimum Payment

Each of my initial monthly Minimum Payments until the first Interest Rate Change Date will be in the amount of U.S. $1,458.50          .

### (D) Monthly Payment Changes

Changes in my monthly payment will be the result of changes in the unpaid Principal balance of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Sections 2 and 3 of this Note.

000073

LOAN #

**(E)  Additions to My Unpaid Principal**

For each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest due and will add the difference to my unpaid Principal. Interest will accrue on the amount of this difference at the interest rate required by Section 2. For each month that the monthly payment is greater than the interest due, the Note Holder will apply the payment as provided in Section 3(A).

**(F)  Payment Options**

Until the Recast Date, the Note Holder may provide me with up to three (3) additional monthly payment options ("Payment Options") if they are greater than the Minimum Payment. The Payment Options are calculated using the interest rate in accordance with Section 2. The following Payment Options may be provided:

    (i)  **Interest Only Payment:** the amount that would pay only the interest portion of the monthly payment. The Principal balance will not be decreased by this Payment Option and it is only available if the interest portion exceeds the Minimum Payment.

    (ii)  **Amortized Payment:** the amount necessary to pay the loan off (Principal and interest) at the Maturity Date in substantially equal payments based on the then-current interest rate.

    (iii)  **15 Year Amortized Payment:** the amount necessary to pay the loan off (Principal and interest) within a fifteen (15) year term from the first payment due date in substantially equal payments at the then-current interest rate.

These Payment Options are only available if they are greater than the Minimum Payment. If the Maximum Negative Amortization Cap is reached, then the Payment Options available will be the Amortized Payment and the 15 Year Amortized Payment. Upon the Recast Date I will no longer have Payment Options and I will be required to pay the Amortized Payment, which becomes the Minimum Payment as described in Section 3(B)(iii).

**4.    NOTICE OF CHANGES**

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**5.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments. My partial Prepayment may reduce the amount of my monthly payments after the first Payment Change Date following my partial Prepayment. However, any reduction that could result from my partial Prepayment may be offset by an interest rate increase.

**6.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7.    BORROWER'S FAILURE TO PAY AS REQUIRED**

    **(A)  Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any Minimum Payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000 % of the Minimum Payment. I will pay this late charge promptly but only once on each late payment.

    **(B)  Default**

If I do not pay the full amount of each Minimum Payment on the date it is due, I will be in default.

**(C)  Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the Minimum Payment by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe. The date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)  No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)  Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees. If I default under this Note or the Security Instrument then default charges may cause the Maximum Negative Amortization Cap to be exceeded.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that anyone of us may be required to pay all the amounts owed under this Note.

**10.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11.  DOCUMENT CORRECTION**

In the event that Note Holder at any time discovers that this Note, Security Instrument, Addenda, Rider or any other document elated to this loan is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan, or otherwise contains an error, such as a clerical mistake, calculation error, computer error, printing error, electronic transmission error, or similar error, I agree, upon notice from Note Holder, to re-execute any documents that are necessary to replace or correct any such documents and return them within ten (10) days of receipt. I also agree that I will not hold Lender responsible for any damages which result from any such error.

**12.  SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

(A)  Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 2 above, Paragraph 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests

transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B)  When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 2 above, Paragraph 18 of the Security Instrument described in Section 12(A) above shall then cease to be in effect, and Paragraph 18 of the Security Instrument shall instead read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender. To the extent permitted by Applicable Law, Lender may charge reasonable fees as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____  - Borrower
ANTHONY PAUL MANRIQUE

_____  - Borrower
ALISA ARLENE MANRIQUE

_____  - Borrower

_____  - Borrower

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC., A NEW YORK CORPORATION
DOING BUSINESS AS AMERICA'S WHOLESALE LENDER

michele Solander

BY: _____
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

• Payment Advantage Fixed/Adjustable Rate Note 3/1, 5/1, 7/1, 10/1 One Year LIBOR
1E682-XX (12/06)                    Page 5 of 5

000076

Prepared by: VERONICA RIOS

**Countrywide Home Loans, Inc. dba America's Wholesale Lender**

DATE:         06/27/2007
BORROWER: ANTHONY PAUL MANRIQUE
CASE #:
LOAN #:
PROPERTY ADDRESS: 718 SILVERWOOD AVENUE
                  UPLAND, CA 91786-4353

Branch #
1455 FRAZEE ROAD #102
SAN DIEGO, CA 92108
Phone: (619) 688-5100
Br Fax No.: (619) 688-9258

# PREPAYMENT PENALTY ADDENDUM

THIS PREPAYMENT PENALTY ADDENDUM is dated   JUNE 27, 2007        , and is incorporated into and amends and supplements the Note of the same date (the "Note") given by me to
Countrywide Home Loans, Inc. dba America's Wholesale Lender
(the "Lender"). The Note is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") covering the property (the "Property") identified in the Security Instrument.

The section of the Note entitled "Borrower's Right to Prepay" is replaced with the following new section:

BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A prepayment of all of the unpaid Principal is known as a "Full Prepayment." A prepayment of only part of the unpaid Principal is known as a "Partial Prepayment." When I make a Partial or Full Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a prepayment if I have not made all the monthly payments due under this Note.

Subject to the Prepayment Penalty specified below, I may make a Full Prepayment or Partial Prepayments of my obligation. The Note Holder will use all of my prepayments to reduce the amount of Principal that I owe under the Note.

My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

● Multistate Prepayment Penalty Addendum
1E296-XX (09/06)(d/i)                        Page 1 of 2

LOA

If within the first **TWELVE** months after the execution of this Note, I make prepayment(s), the total of which exceeds twenty (20) percent of the original Principal amount of this Note, I agree to pay a Prepayment Penalty in an amount equal to the payment of six (6) months' advance interest on the amount by which the total of my prepayment(s) during the twelve (12) month period immediately preceding the date of the prepayment exceeds twenty (20) percent of the original Principal amount of this Note. Interest will be calculated using the rate in effect at the time of prepayment.

All other terms and conditions of the above referenced Note remain in full force and effect.

ANTHONY PAUL MANRIQUE               Borrower

ALISA ARLENE MANRIQUE               Borrower

                                            Borrower

                                            Borrower

● Multistate Prepayment Penalty Addendum
1E296-XX (09/06)                Page 2 of 2

000078



Recorded in Official Records, County of San Bernardino

7/08/2007
8:00 AM
BN

LARRY WALKER
Auditor/Controller = Recorder

602 Southland Title of San Diego

| | | | |
|---|---|---|---|
| Doc# | Titles: | 1 | Pages: 22 |
| | Fees | | 73.00 |
| | Taxes | | 0.00 |
| | Other | | 0.00 |
| | PAID | | $73.00 |

Recording Requested By:
J. FOX

...WIDE HOME LOANS, INC.

USB2

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423

Prepared By:
VERONICA RIOS

———————— [Space Above This Line For Recording Data] ————————

[Escrow/Closing #]                    [Doc ID #]

# DEED OF TRUST

MIN

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

(A) **"Security Instrument"** means this document, which is dated JUNE 27, 2007 , together
with all Riders to this document.
(B) **"Borrower"** is
ANTHONY PAUL MANRIQUE, AND ALISA ARLENE MANRIQUE, HUSBAND AND WIFE AS
JOINT TENANTS

**CALIFORNIA**-Single Family-**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS**

Page 1 of 16

VMP ®-6A(CA) (0207)    CHL (08/05)(d)    VMP Mortgage Solutions, Inc    Form 3005  1/01
CONV/VA