Appeal No. 5:16-cv-00708-DOC

_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

_____

ANTHONY PAUL MANRIQUE

Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN XS
TRUST MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-16N

Appellee.

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION
BANKRUPTCY CASE NO. 6:15-bk-10650-SY

HONORABLE SCOTT H. YUN
UNITED STATES BANKRUPTCY JUDGE

_____

### APPELLEE'S OPENING BRIEF

**ALDRIDGE PITE, LLP**
Todd S. Garan (SBN 236878)
4375 Jutland Drive, Suite 200
San Diego, California 92117
Phone: (858) 750-7600
Fax: (858) 590-1385

Attorneys for *Appellee*
U.S. Bank National Association,
as Trustee for Lehman  XS Trust
Mortgage Pass-Through
Certificates, Series 2007-16N

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rules of Bankruptcy Procedure 8012, U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-16N ("U.S. Bank, N.A.") hereby submits the following Corporate Disclosure Statement in the above-captioned matter:

U.S. Bank, N.A. is a wholly owned indirect subsidiary of U.S. Bancorp and no publicly held corporation other that U.S. Bancorp owns 10% or more of its stock. U.S. Bank, N.A. makes these disclosures solely for the purpose of Federal Rule of Bankruptcy Procedure 8012 and reserves the right to supplement them as needed.

## <u>Certificate of Compliance Pursuant to Federal Rules of Bankruptcy Procedure 8015(a)(7)(C).</u>

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and (C), I hereby certify that this brief has been proportionately double-spaced with one inch margins on all four corners and 14 point Times New Roman typeface. According to the "Word Count" feature in my Microsoft Word for Windows software, this brief contains 6,738 words up to the signature lines that follow the brief's conclusion.

I declare under penalty of perjury that this Certificate of Compliance is true and correct and that this declaration was executed on September 12, 2016.


/s/ *Todd S. Garan*
TODD S. GARAN (SBN 236878)
Attorneys for *Appellee* U.S. Bank National
Association, as Trustee for Lehman  XS
Trust Mortgage Pass-Through Certificates,
Series 2007-16N

## <u>CERTIFICATION AS TO RELATED PARTIES</u>

The undersigned certifies that the following parties have an interest in the outcome of this Appeal.  These representations are made to enable the Court to evaluate possible disqualification or recusal.

- Anthony Paul Manrique, Appellant.

- U.S. Bank National Association, as Trustee for Lehman  XS Trust Mortgage Pass-Through Certificates, Series 2007-16N, Appellee.

/s/ *Todd S. Garan*
TODD S. GARAN (SBN 236878)
Attorneys for *Appellee* U.S. Bank
National Association, as Trustee for
Lehman  XS Trust Mortgage Pass-
Through Certificates, Series 2007-
16N

# TABLE OF CONTENTS

**Page(s)**

I. JURISDICTIONAL STATEMENT ................................................................- 1 -

II. STATEMENT OF ISSUES PRESENTED ....................................................- 1 -

III. STANDARD OF REVIEW .........................................................................- 1 -

IV. STATEMENT OF THE CASE ....................................................................- 2 -

    A. Origination of the Loan.........................................................................- 2 -

    B. Appellant's Chapter 11 Bankruptcy Case............................................- 2 -

    C. Appellant's Objection to Appellee's Proof of Claim...........................- 3 -

    D. Appellant's Motion for Reconsideration of Court's Order Overruling

    Appellant's Objection to Appellee's Proof of Claim .............................- 4 -

    E. The Appeal..............................................................................................- 6 -

V. SUMMARY OF ARGUMENT .....................................................................- 7 -

VI. ARGUMENT.................................................................................................- 8 -

    A. THE COURT LACKS JURISDICTION TO REVIEW THE CLAIM

    OBJECTION ORDER ENTERED ON NOVEMBER 16, 2015. .........................- 8 -

        1. Legal Standard...........................................................................- 8 -

        2. Appellant Failed to File a Timely Notice of Appeal of the Claim Objection

        Order, entered on November 16, 2015. .............................................- 9 -

    B. THE BANKRUPCY COURT DID NOT ABUSE ITS DISCRETION BY

DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF THE

CLAIM OBJECTION ORDER. .................................................................- 10 -

   1. Legal Standard. ................................................................................- 10 -

   2. The Bankruptcy Court's Denial of Debtor's Motion for Reconsideration of

   the Claim Objection Order Was Proper. ............................................- 11 -

      a. Relief Under Rule 60(b)(1) Mistake, Inadvertence, Surprise, or

      Excusable Neglect.                                                     - 13 -

      b. Relief Under Rule 60(b)(2) Newly Discovered Evidence.          - 15 -

      c. Relief Under Rule 60(b)(3) Fraud, Misrepresentation or Misconduct by

      an Opposing Party.                                                    - 19 -

      d. Relief Under Rule 60(b)(6) Any Other Reason That Justifies Relief ......

      ……………………………………………………………………...- 20 -

   VII. CONCLUSION ...........................................................................- 24 -

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alexander v. Bleau (In re Negrete)*,

  183 B.R. 195, 197 (9th Cir. B.A.P. 1995); affirmed, 103 F.3d 139 (9th Cir. 1996)...... - 1 -, - 10 -

*Chick Kam Choo v. Exxon Corp.*, 699 f.2d 693, 695 (5th Cir.), cert. denied, 464 U.S. 826, 104

  S.Ct. 98, 78 L.Ed.2d 103 (1983) ........................................................................- 14 -

*Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.3d 208, 211 (9th Cir. 1987).- 16 -

*Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). ......................- 16 -

*In re Babb*, 440 B.R. 523, 525-526 (Bankr. 2010) ................................................................- 19 -

*In re Barger*, 219 B.R. 238 (8th Cir. BAP 1998) ..................................................................- 11 -

*In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. 2004) ............................................- 11 -

*In re Cleanmaster Industries, Inc.*, 106 BR. 628, 630 (9th Cir. B.A.P. 1989) ...... - 1 -, - 10 -, - 11 -

*In re Curry and Sorensen, Inc.*, 57 B.R. 824, 826-27 (9th Cir. BAP 1986) ............................- 11 -

*In re Design Classics, Inc.*, 788 F.2d 1384 (8th Cir. 1986)....................................................- 11 -

*In re Greiner v. City of Champlin*, 152 F.3d 787 (8th Cir. 1998) [emphasis added]; ...............- 19 -

*In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007)........................................- 13 -, - 20 -

*In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. B.A.P. 1988)............................................- 1 -, - 10 -

*In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994) ........................................................- 2 -, - 9 -

*In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995), aff'd 103 F.3d 139 (9th Cir. 1996) .....- 15 -

*McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993). ................................- 14 -

*Morgan v. Aurora Loan Services, LLC*, (9th Cir., Mar.28, 2016, No.14-55203) 2016 WL

1179733, at *2 ................................................................................................- 23 -

*Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999) .........................................- 9 -

*Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4[th] 808, 814-15) .......... - 22 -, - 23 -

*TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).....................- 10 -

*United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc) ........................- 10 -

*Yvanova v. New Centry Mortgage Corp ("Yvanova"),* 62 Cal.4[th] 919 (2016)..... - 6 -, - 21 -, - 22 -

**Statutes**

28 U.S.C. §§ 105(a),...............................................................................................- 1 -

28 U.S.C. § 157(b)(1). .............................................................................................- 1 -

28 U.S.C. § 1334 .....................................................................................................- 1 -

28 U.S.C. § 158(a)(1)...............................................................................................- 1 -

**Other Authorities**

12 James WM. Moore, et. al., Moore's Federal Practice 59.03[5][a][iii] (3rd ed. 2005)..........- 16 -

**Rules**

Fed. R. Bankr. P. 60(b) ............................................................... - 8 -, - 12 -, - 13 -

Fed. R. Bankr. P. 60(b)(1) .........................................................- 8 -, - 13 -, - 14 -, - 15 -

Fed. R. Bankr. P. 60(b)(2) ................................................- 8 -, - 13 -, - 16 -, - 17 -, - 19 -

Fed. R. Bankr. P. 60(b)(3). ..........................................................- 8 -, - 13 -. - 19 -,  - 20 -

Fed. R. Bankr. P. 60(b)(6) ........................................................- 8 -, - 13 -, - 21 -, - 24 -

Fed. R. Bankr. P. 8002(a) ............................................................ - 2 -, - 8 -, - 9 -

Fed. R. Bankr. P. 9024 ................................................................................- 12 -

Fed. R. Civ. P. 59(e) ...................................................................................- 11 -

Fed. R. Civ. P. 60...........................................................................- 11 -, - 12 -

## I.    JURISDICTIONAL STATEMENT

The United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") had jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and §§ 105(a), 157(b)(1). This Court has jurisdiction to hear the appeal of the Bankruptcy Court's order denying on Appellant's Motion for Reconsideration, entered on April 7, 2016, pursuant 28 U.S.C. § 158(a)(1).

## II.    STATEMENT OF ISSUES PRESENTED

Whether the Bankruptcy Court abused its discretion in denying Appellant's Motion for Reconsideration of the Order Overruling Appellant's Objection to Appellee's Proof of Claim.[1]

## III.    STANDARD OF REVIEW

A Bankruptcy Court's denial of a Motion for Reconsideration is reviewed for abuse of discretion. *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. B.A.P. 1995); affirmed, 103 F.3d 139 (9th Cir. 1996); *In re Cleanmaster Industries, Inc.*, 106 BR. 628, 630 (9th Cir. B.A.P. 1989); *In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. B.A.P. 1988).

/././

---

[1] One of the issues asserted in Appellant's Opening Brief is whether the Bankruptcy Court erred as a matter of law when it overruled Appellant's Objection to Appellee's Proof of Claim.  *See*, Appellant's Opening Brief, Pg ID #71-72:15-2. As discussed herein, Appellee asserts this issue is not properly before this Court because Appellant did not timely appeal the Claim Objection Order, and thus, any issues and argument  raised in Appellant's Opening Brief related to the Bankruptcy Court's ruling on the Claim Objection have been waived by Appellant, and should be disregarded for purposes of this Appeal.  Further, it is for this reason that Appellee asserts this Court does not have jurisdiction over

## IV.   STATEMENT OF THE CASE

### A.   Origination of the Loan

On June 27, 2007, Appellant and Alisa Arlene Manrique (collectively, the "Borrowers") obtained a Loan from Countrywide Home Loans, Inc. dba America's Wholesale Lender ("Lender") in the principal amount of $388,000.00, which is reflected in a promissory note (the "Note") secured by a first position deed of trust (the "Deed of Trust") encumbering the real property located at 718 Silverwood Avenue, Upland, California 91786 (the "Property"). (*See*, Appellee's Supplemental Appendix "Appellee's Appendix", Tab No. 1, Pgs. 1-49)  On July 8, 2007, the Deed of Trust reflects that it was duly recorded in the official records of San Bernardino County, State of California.  (*See*, *Id*).  The Note and Deed of Trust may be referred to collectively herein as the "Loan."  Subsequently, all of the Lender's beneficial interest under the Loan was transferred to Appellee.  (*See, Id*).

### B.   Appellant's Chapter 11 Bankruptcy Case

On January 26, 2015, Appellant filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Central District of California-Riverside Division, and was assigned case number 6:15-bk-10650-SY (*See*, Appellant's Exhibit 1, Pgs.103-123[2]).

---

Appellant's request for an appeal of the Claim Objection Order entered on November 16, 2015. *See* Fed. R. Bankr. P. 8002(a); *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994)

[2] Appellant did not provide an Appendix to his Opening Brief, and instead attached Exhibits thereto.  These Exhibits

On March 6, 2015, Appellee filed a Proof of Claim (the "Proof of Claim") against the Appellant's Bankruptcy Estate in the amount of $492,647.50, secured by the Property, with pre-petition arrears in the amount of $45,117.94. (*See*, Appellee's Appendix, Tab No. 1, Pgs. 1-49).

## C.   Appellant's Objection to Appellee's Proof of Claim

On July 27, 2015, Appellant filed an Objection to Appellee's Proof of Claim (the "Objection to Claim") arguing Appellee did not have standing to assert or file its Proof of Claim in Appellant's Bankruptcy Case, and that the amounts stated in the Proof of Claim were unsupported. (*See*, Appellant's Exhibit 2, Dkt 45; Pgs.125-189).

On September 23, 2015, Appellee filed its Response (the "Response") to Appellant's Objection to Claim asserting that Appellee did have standing to file its Proof of Claim as it was the holder of the Note under California law, and that the amounts stated in the Proof of Claim were properly supported. (*See*, Appellant's Exhibit 3, Dkt 51 Pgs.191-239).

On October 15, 2015, Appellant filed his Reply to Appellee's Response to the Objection to Claim disputing whether Appellee was the Holder of the Note under California Law because the Note was not negotiable, there were other parties that previously claimed an interest in the Loan and issues with the Assignment of the

---

shall be treated as Appellant's Appendix for purposes of Appellee's Opening Brief. All references to the Appellant's Exhibits are in the following format: *Exhibit Number, Bankruptcy Docket Number, Page ID # at the top right corner of the Document, Line Number, where applicable.*

Deed of Trust securing the Note, as well as Evidentiary Objections to Appellee's Response to the Objection to Claim (collectively, the "Reply"). (*See*, Appellant's Exhibit 4, Dkt 60, Pgs.241-284; *and* Appellant's Exhibit 5, Dkt 59, Pgs.286-298).

On October 16, 2015, the Bankruptcy Court issued a Scheduling Order on Appellant's Objection to Claim setting the hearing thereon for October 29, 2016. (*See*, Appellee's Appendix, No.2, Dkt 61, Pgs.1-2).

On October 18, 2015, Appellant filed a supplemental declaration in support of his Reply to Appellee's Response to the Objection to Claim. (*See*, Appellant's Exhibit 6, Dkt 62, Pgs.300-349).

On October 29, 2015, the hearing on Appellant's Objection to Claim was held and the Bankruptcy Court overruled Appellant's Objection to Claim. (*See*, Appellant's Exhibit 7, Pgs.351-364).

On November 16, 2015, the Bankruptcy Court entered an Order Overruling Appellant's Objection to Appellee's Proof of Claim (the "Claim Objection Order"). (*See*, Appellant's Exhibit 8, Dkt 68, Pgs.366-367).

Appellant did not file a notice of appeal of the Claim Objection Order within 14 days of the Court's entry of the Claim Objection Order. (See, Appellant's, Exhibit 1, Pg.115-116). Appellant does not dispute this fact. (See, Appellant's Opening Brief, Pg.4, ¶ 13:27-28).

**D.    Appellant's Motion for Reconsideration of Court's Order Overruling**

**Appellant's Objection to Appellee's Proof of Claim**.

On January 15, 2016, Appellant filed a Motion for Reconsideration of the Court's Order Overruling Appellant's Objection to Appellee's Proof of Claim asserting various grounds under Federal Rules of Bankruptcy Procedure 60(b).  (See, Appellant's Exhibit 9, Dkt 75, Pgs.369-388).

On January 16, 2016, Appellant filed his Declaration in Support of the Motion for Reconsideration. (*See*, Appellant's Exhibit 10, Dkt 76[3] ).  The Appellant's Motion for Reconsideration and Declaration filed in support thereof shall be referred to collectively herein as the "Motion for Reconsideration".

On February 4, 2016, the Appellant filed its Notice of Hearing on the Motion for Reconsideration setting the hearing thereon for March 17, 2016 and related response deadlines.  (*See*, Appellee's Appendix, No.3, Dkt 78, Pgs. 1-4).

On March 3, 2016, Appellee filed is Opposition (the "Opposition") to Appellant's Motion for Reconsideration asserting that Appellant's Motion for Reconsideration failed to both legally and factually please any grounds for relief under Federal Rule of Bankruptcy Procedure 60(b).  (*See*, Appellant's Exhibit 12, Dkt 85, Pgs.431-474).

---

[3] It should be noted that Appellant's Declaration filed on the Bankruptcy Court's Docket, Docket Number 76, was 1,476 pages long.  Appellant did not attach the entire Declaration to his Opening Brief, and rather than burden the Court with this voluminous filing, Appellee recommends this Court view said documents on the Bankruptcy Court Docket as necessary.  In the alternative, Appellee has provided the link to this filing as it is a matter of public record with the Securities and Exchange Commissions EDGAR website at: http://www.sec.gov/edgar/searchedgar/companysearch.html, then input the either the name of the Trust, or file number.  Here, Docket Number 76, Exhibit A shows the file Number as

On March 15, 2016, just two days prior the scheduled hearing on the Motion for Reconsideration, Appellant filed his Request for Judicial Notice in Support of the Motion for Reconsideration, which solely attached a copy of the California Supreme Court Case, *Yvanova v. New Century Mortgage Corp., et al*, 62 Cal.4th 919 (2016). (*See*, Appellant's Exhibit 11, Dkt 88, Pgs.393-430).

On March 16, 2016, Appellee filed its Objection to Appellant's Request for Judicial Notice as it as filed well after the time required under Local Bankruptcy Rules and that said case was not relevant to the issues noted under the Motion for Reconsideration. (*See*, Appellant's Exhibit 13, Dkt 89, Pgs 475-478).

On March 17, 2016, a hearing was held on Appellant's Motion for Reconsideration, and based upon the parties' pleadings and for the reasons stated on the record, the Bankruptcy Court denied Appellant's Motion for Reconsideration. (*See*, Appellant's Exhibit 14, Pgs.479-505).

On April 7, 2016, the Bankruptcy Court entered the Order Denying Appellant's Motion for Reconsideration. (*See*, Appellant's Exhibit 15, Dkt 97, Pgs.507-508).

**E.     The Appeal**.

On April 12, 2016, Appellant filed a Notice of Appeal and Statement of Election (the "<u>Appeal</u>") with respect to the Bankruptcy Court's Order denying Appellant's Motion for Reconsideration. (*See*, Appellee's Appendix, No.5, Dkt 102,

---

333-139693-05, and these particular documents can be viewed on the EDGAR website if needed.

Pgs.1-6).

## V.    SUMMARY OF ARGUMENT

The Appellant's Opening Brief raised two issues: 1) Whether the Bankruptcy Court erred as a matter of law when it denied Appellant's Objection to Appellee's Proof of Claim; and 2) Whether the Bankruptcy Court abused its discretion when it denied the Appellant's Motion for Reconsideration of the Court's Claim Objection Order.  With respect to the first issue raised in Appellant's Opening Brief, Appellee asserts this issue is being raised improperly, both procedurally and jurisdictionally, as Appellant did not timely appeal the Bankruptcy Court's overruling of Appellant's Objection to Appellee's Proof of Claim.  This is a fact Appellant's Opening Brief concedes.  The Appellant's Appeal only pertains to the Bankruptcy Court's ruling on Appellant's Motion for Reconsideration.  As such, Appellee asserts that any issues raised or argument made concerning the Bankruptcy Court's ruling on the Claim Objection Order are both procedurally and jurisdictionally improper, and must be disregarded.

The only proper issue before this Court is whether the Bankruptcy Court abused its discretion in denying Appellant's Motion for Reconsideration of the Claim Objection Order.  As discussed below, the Bankruptcy Court did not abuse its discretion in denying Appellant's Motion for Reconsideration.  Appellant's Motion for Reconsideration failed to both legally and factually support grounds for

reconsider under Rule 60(b)(1),(2) or (3).  Further, the Motion for Reconsideration was likewise legally and factually deficient under Rule 60(b)(6) because Appellant failed to plead and provide evidence that demonstrated both injury and extraordinary circumstances beyond his control that prevented him from proceeding with the action in a proper fashion prior to the hearing on the Objection to Claim.  Indeed, as the Bankruptcy Court appropriately pointed out, Appellant's Motion for Reconsideration was more properly characterized as an attempt to rehash arguments and facts either raised during the Objection to Claim proceedings, or that could have been raised in connection with those proceedings, as opposed to properly and timely seeking an appeal of the Bankruptcy Court's Claim Objection Order.  The relief warranted pursuant to Rule 60(b) was not intended to provide debtor with a "second bite at the apple" in lieu of a timely appeal.  Accordingly, Appellee respectfully requests this Court affirm the Bankruptcy Court's ruling on the Motion for Reconsideration.

## VI.   ARGUMENT

## A.   THE COURT LACKS JURISDICTION TO REVIEW THE CLAIM OBJECTION ORDER ENTERED ON NOVEMBER 16, 2015.

### 1.   Legal Standard.

Pursuant to Federal Rule of Bankruptcy Procedure 8002, "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." *See* Fed. R. Bankr. P. 8002(a). The provisions of

Rule 8002 are jurisdictional. *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994). The untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order. *Id.*; *see also. Preblich v. Battley*, 181 F.3d 1048, 1056 (9th Cir. 1999) (absent an extension, a notice of appeal must be filed within the time limit or the right to appeal is waived).

2.     **Appellant Failed to File a Timely Notice of Appeal of the Claim Objection Order, entered on November 16, 2015**.

On November 16, 2015, the Bankruptcy Court entered an Order Overruling Appellant's Objection to Appellee's Proof of Claim (the "Claim Objection Order"). (*See*, Appellant's Exhibit 8, Pgs.366-367). Appellant did not file a notice of appeal of the Claim Objection Order within the 14 day period required pursuant to Fed. R. Bankr. P. 8002(a).    (*See*, Appellant's Appendix, Exhibit 1, Pg.13-14).  Further, Appellant's Opening Brief admits this fact, and thus, it is undisputed.    (*See*, Appellant's Opening Brief, Pg.4, ¶ 13:27-28).  As the Appellant did not file a notice of appeal within fourteen (14) days of entry of the Claim Objection Order pursuant to Fed. R. Bankr. P. 8002(a), Appellant's right to appeal the Claim Objection Order was waived and the Court lacks jurisdiction to review the order.  Indeed, the only order the Appellant timely appealed was the Order overruling Appellant's Motion for Reconsideration.  (*See*, Appellee's Appendix, Tab No.4, Pgs.1-6).  Based on the foregoing, Appellee respectfully requests that the Court refrain from ruling on any

and all of the issues asserted as to the Claim Objection Order in Appellant's Opening Brief, as Appellant is improperly, both procedurally and jurisdictionally, seeking an appeal of the Claim Objection Order.

**B.    THE BANKRUPCY COURT DID NOT ABUSE ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR RECONSIDERATION OF THE CLAIM OBJECTION ORDER.**

**1.    Legal Standard**.

A Bankruptcy Court's denial of a Motion for Reconsideration is reviewed for abuse of discretion. *Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. B.A.P. 1995); affirmed, 103 F.3d 139 (9th Cir. 1996); *In re Cleanmaster Industries, Inc.*, 106 BR. 628, 630 (9th Cir. B.A.P. 1989); *In re Martinelli*, 96 B.R. 1011, 1012 (9th Cir. B.A.P. 1988). Whether a bankruptcy court abused its discretion is determined by employing a two-part test. *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, the court will review de novo whether the bankruptcy court applied the correct legal standard to the relief requested. *Hinkson*, 585 F.3d at 1261-62. Next, the court will review the bankruptcy court's findings of fact for clear error. *Id.* at 1262 and n.20. Unless the court determines that the findings of fact are illogical, implausible or without support from evidence in the record, the court must affirm the bankruptcy court's fact findings. *Id.*; *see also TrafficSchool.com v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

**2.      The Bankruptcy Court's Denial of Debtor's Motion for Reconsideration of the Claim Objection Order Was Proper**.

Neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure contemplate motions for reconsideration. *In re Captain Blythers, Inc.*, 311 B.R. 530, 539 (9th Cir. 2004); *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 826-27 (9th Cir. BAP 1986).   Instead, the Rules recognize two types of motion to obtain post-judgment relief: a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and a motion for relief from judgment under Fed. R. Civ. P. 60.  Where the time for appeal has expired, a motion for reconsideration should be construed as a Motion for Relief from a judgment under Rule 60(b).  *See, In re Cleanmaster Industries, Inc*., 106 B.R. 628, 630 (9th Cir. BAP 1989) (citation omitted).  Relief under Rule 60(b) is an extraordinary remedy and not a substitute for direct appeal of a judgment. When an error of law is alleged, the proper vehicle for attack on that error is a direct appeal. *In re Design Classics, Inc.*, 788 F.2d 1384 (8th Cir. 1986). When a moving party fails to specify the rule under which it makes a post judgment motion, the characterization is left to the court with the risk that the moving party may lose the opportunity to present the merits of the underlying motion to the appellate court. *In re Barger*, 219 B.R. 238 (8th Cir. BAP 1998).

In the present matter, Appellant admits that he did not timely appeal the Claim Objection Order itself.  (*See*, Appellant's Exhibit 1, Pg.13-14; Appellant's Opening

Brief, Pg.4, ¶ 13:Lines 27-28).    Further, while the Appellant's Motion for Reconsideration did not clearly articulate which subsection was being argued in his Motion for Reconsideration, it did appear Appellant was utilizing Rule 60(b).    (*See*, Appellant's Exhibit 9, Dkt 75, Pgs.369-388).   Thus, the Appellant's Motion for Reconsideration was construed as seeking relief under Fed. R. Civ. P. 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)       mistake, inadvertence, surprise, or excusable neglect;

(2)       newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)       fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)       the judgment is void;

(5)       the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)       any other reason that justifies relief."

Fed. R. Civ. P. 60. Rule 60(b) ("Rule 60(b)) compliments the discretionary power that bankruptcy courts have as courts of equity "to reconsider, modify or vacate their previous orders so long as no intervening rights have become vested in

reliance on the orders." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007)(citations omitted).

In the present matter, the Bankruptcy Court noted that Appellant's Motion for Reconsideration did not clearly articulate an argument, specific subsection, or grounds under Rule 60(b), though at first glace it appeared the Motion for Reconsideration was focusing on Rule 60(b)(6), the "catch all" provision.   (*See*, Appellant's Exhibit 14, Pgs.487-488, Lines 9-14).  Thus, in order to properly vet the Appellant's Motion for Reconsideration, the Bankruptcy Court took the approach of construing it "…liberally and broadly…" in much the same way it would be forced to do when dealing with a pro se debtor.  (*Id.*).  Thus, the Bankruptcy Court considered the following subsections of Rule 60(b) to be the most applicable based upon the Appellant's arguments and evidence submitted:  Rule 60(b)(1), (b)(2), (b)(3) and (b)(6).  (*See*, Appellant's Exhibit 14, Pg.499, Lines 9-19).

## a.   Relief Under Rule 60(b)(1) Mistake, Inadvertence, Surprise, or Excusable Neglect.

Appellee's Opposition Noted that Appellant's Motion for Reconsideration did not specifically plead any legal or factual basis related to excusable neglect under Rule 60(b)(1), and that the only possible grounds being asserted under Rule 60(b) was related to inadvertent mistake of the Court.  (*See*, Appellant's Exhibit 12, Pgs.438, Lines 22-27).  Indeed, the Bankruptcy Court had to go out of its way to

- 13 -

"…broadly interpret…" Appellant's Motion for Reconsideration under Rule 60(b)(1) and likewise agreed that only grounds possibly asserted by the Appellant was for confusion or that the Bankruptcy Court made a mistake. (*See*, Appellant's Exhibit 14, Pg.495, Lines 1-6).

However, to properly plead relief under Rule 60(b)(1) for mistake, the Motion for Reconsideration would have to show that the mistake is attributable to special circumstances and not simply an erroneous legal ruling, which would be more appropriately addressed on appeal.  *McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 367 (5th Cir. 1993) (quoting *Chick Kam Choo v. Exxon Corp.*, 699 f.2d 693, 695 (5th Cir.), cert. denied, 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983)).

The Bankruptcy Court stated there was no error in the ruling on the Claim Objection Order as the order denying Appellant's Objection to Claim was exactly what the Bankruptcy Court ruled, and there was no error by the Bankruptcy Court's clerk.  (*See*, Appellant's Exhibit 14, Pg.495, Lines 6-13).  Instead, the Bankruptcy Court got the impression that Appellant's Motion for Reconsideration was asserting, generally, that its ruling on the Objection to Claim, including, but not limited to, issues related to negotiability of the Note, Appellee's standing to file its Proof of Claim, and evidentiary Objections to Appellee's Response to the Objection to Claim, were error, and that should be sufficient grounds under Rule 60(b)(1) to reconsider or

- 14 -

vacate the Claim Objection Order.  (*See*, Appellant's Exhibit 14, Pg.495-96, Lines 11-12).

As the Bankruptcy Court correctly pointed out; however, if that was truly the case, Appellant's proper vehicle to challenge the Claim Objection Order would have been to timely appeal that order, but Appellant did not do that.  (*See*, Appellant's Exhibit 14, Pg.495-96, Lines 11-12).   Indeed, Appellant's Motion for Reconsideration cannot be used as means to revisit the same issues already ruled upon by the Bankruptcy Court, or which advance supporting facts that were otherwise available when the issues were originally briefed. *In re Negrete,* 183 B.R. 195, 197 (9th Cir. BAP 1995), aff'd 103 F.3d 139 (9th Cir. 1996).  "Such motions should not be used as a substitute for a timely appeal."  (*Id*).  Based upon the foregoing, it is evident from the record that the Bankruptcy Court applied the correct legal and factual standard in denying Appellant's Motion for Reconsideration on grounds under Rule 60(b)(1) as Appellant had failed to show that the mistake of the Bankruptcy Court was attributable to special circumstances and not simply an erroneous legal ruling, which would be more appropriately addressed on appeal.

**b.    Relief Under Rule 60(b)(2) Newly Discovered Evidence**.

Evidence is newly discovered within the meaning of Rule 60(b)(2) if:

(1) the moving party can show the evidence relied on in fact constitutes newly discovered evidence within the meaning of Rule 60(b); (2) the moving party

exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case.

See, Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003). (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.3d 208, 211 (9th Cir. 1987) (internal quotes omitted).  Moreover, the evidence must become available only after judgment and be both admissible and probative.  12 JAMES WM. MOORE, ET. AL., Moore's Federal Practice 59.03[5][a][iii] (3rd ed. 2005).

Appellee's Opposition to the Motion for Reconsideration argued that Appellant's Motion for Reconsideration never provided "new evidence" within the meaning of Rule 60(b)(2) because Appellant's evidence was in fact not new, but publically available prior the filing of the Objection to Claim, if not sooner, but also because said evidence would not change Appellee's status a holder of the Note under California law. (See, Appellant's Exhibit 12, Pg.436-438, Lines 13-20)

The only "newly discovered evidence" Appellant provided in support of the Motion for Reconsideration was copy of a prospectus supplement dated August 30, 2007, and a copy of Form 8-K, dated August 31, 2007.  (See, Appellant's Exhibit 10, Dkt 76, Pgs. 1-1476).  The Bankruptcy Court understood that in order to be "new evidence" within the meaning of Rule 60(b)(2), Appellant would have to provide evidence that did not exist or that Appellant was not aware of or could not be found

with reasonable diligence within the time required under Rule 59(b).   (*See*, Appellant's Exhibit 14, Pg.488, Lines 14-20).  As the Bankruptcy Court pointed out, the voluminous documents filed by Appellant were publically available since 2007 and the Bankruptcy Court had no evidence or grounds to believe that Appellant could not have discovered these documents without reasonable diligence during the time required under Rule 59(b). (*See*, Appellant's Exhibit 14, Pg.488-489, Lines 14-20; *and* Exhibit 12, Pg.437, Lines 5-13, n.1).  Indeed, Appellant was at least aware the Loan may have been part of a securitized trust since 2013, and certainly in connection with Appellant's Objection to Appellee's Claim proceedings.  (*See,* Appellant's Exhibits 2,4 and 5).  Accordingly, the Bankruptcy Court correctly ruled that the attached documents were in fact not newly discovered evidence as required per Rule 60(b)(2).

In addition, the Bankruptcy Court noted that other than describing certain sections of the trust documents, the Motion for Reconsideration completely failed to articulate what purpose the documents served, what argument the Appellant was making or how these documents would have altered the outcome of the Bankruptcy Court's ruling on the Objection to Claim.   (*See*, Appellant's Exhibit 14, Pg.489, Lines 8-13).   Indeed, Appellee argued that none of the evidence provided by Appellant did anything to refute its right to enforce the Note as a Holder under California Law. (*See*, Appellant's Exhibit 3, Pg.195-199, Lines 22-17; *and* Exhibit

12, Pg.437-438, Lines 14-20)

Nonetheless, again construing Appellant's Motion for Reconsideration broadly since no specific argument was made, the Bankruptcy Court thought the Appellant may have been seeking to argue that the Note was never actually part of the securitized trust because the trust had closed prior to the Loan actually being transferred to the closing date required under the securitized trust. (*See*, Appellant's Exhibit 14, Pg.489-490, Lines 20-3). The Bankruptcy Court noted that Appellant's Motion for Reconsideration never expressly argued that; however, and even if it did, there was still no substantive evidence provided by Appellant to support that theory since at the very least the Note predated the closing of the trust, and Appellant provided no evidence to confirm whether or not the Loan was transferred into the trust, which was Appellant's burden in connection with the Motion for Reconsideration. (*See*, Appellant's Exhibit 14, Pg.490-491, Lines 4-19). As such, the Appellant had still failed to provide new evidence in accordance with Rule 60(b)(2), and that said evidence, even if it were newly discovered, would have been insufficient to change the outcome of the Claim Objection Order because there was nothing rebut the presumption of prima facie validity of Appellee's Proof of Claim or its status a Holder of the Note. (*See*, Appellant's Exhibit 14, Pg.491-491, Lines 20-9).

Based upon the foregoing, it is evident from the record that the Bankruptcy

Court applied the correct legal and factual standard in denying Appellant's Motion for Reconsideration on grounds under Rule 60(b)(2) as Appellant's evidence was in fact not new, nor was it sufficient to change the outcome of the Bankruptcy Court's ruling on the Objection to Claim.

**c.    Relief Under Rule 60(b)(3) Fraud, Misrepresentation or Misconduct by an Opposing Party.**

To prevail under Rule 60(b)(3), Appellant was required to show by *clear and convincing evidence* that Appellee engaged in fraud or misrepresentation that prevented the Debtor from fully and fairly presenting his case. *In re Greiner v. City of Champlin*, 152 F.3d 787 (8th Cir. 1998) [emphasis added]; *In re Babb*, 440 B.R. 523, 525-526 (Bankr. 2010).

Appellee's Opposition to the Motion for Reconsideration pointed out that Appellant never provided any clear and convincing evidence specifically detailing how Appellee had committed some fraud or misrepresentation that prevented the Appellant from fully and fairly presenting his Objection to Claim. (*See*, Appellant's Exhibit 12, Pgs.439-440, Lines 20-10).   The Bankruptcy Court agreed with this assessment. (*See*, Appellant's Exhibit 14, Pg.494, Lines 3-6).

Nonetheless, the Bankruptcy Court again reading Appellant's Motion for Reconsideration broadly, believed that Appellant may have been trying to assert that Appellee should have disclosed the documents attached to his Declaration in support

- 19 -

of the Motion for Reconsideration as part of its Proof of Claim and that failing to do so constituted fraud or misrepresentation (*See*, Appellant's Exhibit 14, Pg.494, Lines 6-11).  The Bankruptcy Court disagreed with this assertion; however, and noted that Rule 3001 of the Federal Rules of Bankruptcy Procedure specifies what documents are required to be attached to a proof of claim, and that Appellee attached all the documents necessary to support its Proof of Claim and that not attaching these documents to its Proof of Claim did not constitute fraud, and which Appellant's counsel conceded at the hearing. (*See*, Appellant's Exhibit 14, Pg.494, Lines 12-25).

Based upon the foregoing, it is evident from the record that the Bankruptcy Court applied the correct legal and factual standard in denying Appellant's Motion for Reconsideration on grounds under Rule 60(b)(3) as there was no clear and convincing evidence provided to suggest Appellee had committed fraud or misrepresentation that prevented the Appellant from fully and fairly presenting his Objection to Claim.

**d.    Relief Under Rule 60(b)(6) Any Other Reason That Justifies Relief.**

Subsection (b)(6) of Rule 60 should be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). Accordingly, a party who moves for such relief "must demonstrate both injury and

circumstances beyond his control that prevented him from proceeding with...the action in a proper fashion." *Id.* (citation omitted).

As Appellee pointed out in its Opposition, the Motion for Reconsideration did not expressly plead any facts or evidence demonstrating both injury and circumstances beyond his control that prevented him proceeding with the Objection to Claim as would be required per Rule 60(b)(6). (*See*, Appellant's Exhibit 12, Pg.441-442, Lines 12-25). Indeed, the Bankruptcy Court noted that it could not tell what argument Appellant was actually making pursuant to Rule 60(b)(6) and that the arguments made in Appellant's Motion for Reconsideration more appropriately fit under subsection (b)(1), (b)(2), and (b)(3) (*See*, Appellant's Exhibit 14, Pg.494, Lines 12-25).

Indeed, other than the two securities filings attached to Appellant's Declaration in support of the Motion for Reconsideration, every other argument in the Motion for Reconsideration was simply a re-hashing of the arguments that were already raised, or could have been raised in connection with Appellant's Objection to Claim. (*See*, Appellant's Exhibit 14, Pg.499-500, Lines 20-9).

Further, the Bankruptcy Court was not persuaded that *Yvanova v. New Centry Mortgage Corp ("Yvanova"),* 62 Cal.4th 919 (2016) cited by Appellant in its late filed Request for Judicial Notice was applicable to the Motion for Reconsideration as *Yvanova* only pertained to a borrower's standing to raise certain issues related to a

post-foreclosure, but not necessarily the merits of the assertions made by the borrowers in that case. (*See*, Appellant's Exhibit 14, Pg.485, Lines 3-10; Pg.489. Lines 20-23).

In addition, Appellee asserts that Appellant's reliance on *Yvanova* for the proposition that its perceived, though unsubstantiated, deficiencies in the securitization of the Note somehow impacted Appellee's standing to file a Proof of Claim and enforce the Loan as a Holder of the Note in the Bankruptcy case was both factually and legally misplaced. First, *Yvanova* only addressed the narrow issue of a borrower's standing to challenge a post-foreclosure sale where an assignment was absolutely void, and it did not hold that a borrower had a right to preempt a threatened nonjudicial foreclosure sale by a suit questioning the foreclosing party's right to proceed. *See, Yvanova, supra*, 62 Cal.4th at 924, 934-935, 937-938 ("We do not hold or suggest that a borrower may attempt to pre-empt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed"); *See, also, Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 814-15)("Because [Plaintiff] bring a pre-foreclosure suit challenging Defendant's ability to foreclose, *Yvanova* does not alter her standing obligations").

Further, the Supreme Court in *Yvanova* did not state what allegations would be sufficient to establish when an assignment is void as opposed to merely voidable. *Id. at 931* ("We did not include in our order the question of whether a post-closing date

transfer into a New York securitized trust is void or merely voidable, and though the parties' briefs address it, we express no opinion on the question here"). Indeed, Appellee contends that post-*Yvanova* courts have continued to hold that purported securitization defects would merely render an assignment voidable under applicable law and not void. *See, Saterbak, supra*, 245 Cal.App.4[th] at 815-820 ("we conclude the alleged defects [i.e. a post-closing date assignment] merely rendered MERS's assignment of the DOT to the 2007-AR7 trust voidable under New York law."); *Morgan v. Aurora Loan Services, LLC*, (9th Cir., Mar.28, 2016, No.14-55203) 2016 WL 1179733, at *2 ("because an act in violation of a trust agreement is voidable-not void-under New York law, which governs the Pooling and Servicing Agreement (PSA) at issue, [borrower] lacks standing here.)(citing *Rajamin v. Deutsche Bank National Trust Co.,* 757 F.3d 79, 87-90 (2nd Cir. 2014). Thus, Appellant's reliance on *Yvanova* and the securitization documents filed in support of the Motion for Reconsideration for the proposition that this somehow rebutted the prima facie validity of Appellee's Proof of claim or its right to enforce the Note as a Holder under California law was without merit.

Finally, as the Bankruptcy Court correctly pointed out, while Appellant filed copies of trust documents in support of its Motion for Reconsideration, Appellant failed to articulate what purpose the documents served, what argument the Appellant was making or how these documents would have altered the outcome of the

Bankruptcy Court's ruling on the Objection to Claim. (*See*, Appellant's Exhibit 14, Pg.489, Lines 8-13).  Nonetheless, even if the Appellant may have been seeking to argue that the Note was never actually part of the securitized trust because the trust had closed prior to the Loan actually being transferred to the closing date required under the securitized trust the Bankruptcy Court noted that Appellant's Motion for Reconsideration never expressly argued that.  (*See*, Appellant's Exhibit 14, Pg.489-490, Lines 20-3).

Further, even assuming *arguendo Yvanova* somehow provided that legal support, Appellant still failed to provide any substantive evidence to support that theory since at the very least the Note predated the closing of the trust, and Appellant provided no evidence to confirm whether, or not the Loan was transferred into the trust, which was Appellant's burden in connection with the Motion for Reconsideration. (*See*, Appellant's Exhibit 14, Pg.490-491, Lines 4-19).  Based upon the foregoing, the Bankruptcy Court applied the correct legal and factual standard in denying Appellant's Motion for Reconsideration on grounds under Rule 60(b)(6) because the Appellant failed plead any facts or evidence demonstrating both injury and circumstances beyond his control that prevented him proceeding with the Objection to Claim.

## VII.  CONCLUSION

For all the foregoing reasons, Appellee respectfully requests that the Court deny

the instant appeal and affirm the Bankruptcy Court's decision in denying Debtor's

Motion for Reconsideration of the Claim Objection Order.

WHEREFORE, Appellee prays that the Court enter an Order:

1.   Denying the Appellant's Appeal

2.   Affirm the Bankruptcy Court's Order Denying the Appellant's Motion for

Reconsideration; and

3.   Such further relief as this Court deems just and proper.

Respectfully submitted,

**ALDRIDGE PITE, LLP**

Dated: September 12, 2016      /s/ *Todd S. Garan*
TODD S. GARAN (SBN 236878)
Attorneys for *Appellee* U.S. Bank National
Association, as Trustee for Lehman  XS
Trust Mortgage Pass-Through Certificates,
Series 2007-16

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on September 12, 2016, I electronically filed the foregoing *Appellee's Opening Brief and Appellee's Appendix* with the Clerk of the Court for the United States District Court for the Central District of California using the Court's CM/EFC system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that, on September 12, 2016, I served *Appellee's Opening Brief and Appellee's Appendix* via First Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery to the following parties:

Anthony Paul Manrique
718 Silverwood Avenue
Upland, CA 91786

Honorable David O. Carter
Ronald Regan Federal Building
United States Courthouse
411 West Fourth Street
Santa Ana, CA 92701

Dated:  September 12, 2016                    <u>/s/ *Megan Pellow*</u>