O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **IN RE ANTHONY PAUL MANRIQUE** | **Case No.: ED CV 16-0708-DOC**<br><br>**ORDER DENYING APPEAL OF BANRUPTCY COURT'S ORDERS** |

Before the Court is Anthony Paul Manrique's ("Manrique" or "Appellant") Appeal of the Bankruptcy Court's Order Overruling Debtor's Objection to Proof of Claim No. 3 Filed by U.S. Bank National Association and the Bankruptcy Court's Order Denying Debtor's Motion to Reconsider Order Denying Claim Objection (Dkt. 1). Pursuant to Bankruptcy Rule 8019, the Court heard oral argument on November 16, 2016. The Court DENIES the Appeal.

## I. BACKGROUND

On June 27, 2007, Appellant and Alisa Arlene Manrique obtained a loan ("Loan") in the principal amount of $388,000.00 from Country Wide Loan, Inc. Opening Br. Appendix ("Op'n. Br. App'x") (Dkt. 14) at 80.[1] On January 26, 2015, Manrique filed for voluntary Chapter 11. Opening Br. App'x, Ex. 1. On March 6, 2015, U.S. Bank National Association ("U.S. Bank" or "Appellee") filed a proof of claim. Reply Brief, Ex. A. In that Proof of Claim, U.S. Bank made a claim for $492,647.50 against the bankruptcy estate. *See id.* As part of the Proof of Claim, U.S. Bank provided documentation to show that the deed of trust for the Loan had been transferred to them. *See id.* at 41–42.

On July 27, 2015, Manrique filed Objection to Proof of Claim No. 3 Filed by U.S. Bank National Association ("Objection"). *Id.* at 45. As relevant here, Manrique argued that (1) the proof of claim stated U.S. Bank was entitled to payments that Manrique had already made; (2) U.S. Bank failed to "provide a requested accounting of the life of the loan that would enable Debtor to be certain of the amounts claimed as principal and interest on the loan;" and (3) U.S. Bank failed to establish conclusively who actually owned the note and deed of trust. *Id.* at 46.

U.S. Bank filed their Response to Manrique's objections on September 23, 2015. Op'n. Br. App'x at 110. Manrique filed his Reply to U.S. Bank's Response on October 15, 2015. *Id.* at 172. On October 29, 2015, the Bankruptcy Court held a hearing on Manrique's Objection, *id.* at 273, and on November 16, 2015 the Bankruptcy Court entered an Order Overruling it, *id.* at 269.

---

[1] Appellant filed "Exhibits." However, through no fault of Appellant's, it is difficult to locate each exhibit as many of the documents have been marked as exhibits previously and contain numerous exhibits themselves. For ease of reference, the Court will refer to Exhibits to the Opening Brief as an Appendix and will use the Bates numbers in the lower right hand corner as the page numbers wherever possible. In some instances, the Court will refer to Exhibits because the pages are unnumbered.

On January 15, 2016, Appellant filed a Motion for Reconsideration of the Court's Order Overruling Manrique's Objection. *Id.* at 285. In that Motion, Manrique argued primarily that U.S. Bank had failed to prove that they owned the Deed of Trust.

On March 3, 2016, U.S. Bank filed its Opposition to the Motion for Reconsideration. *Id.* at 1735. On March 15, 2016, Manrique filed a Request for Judicial Notice in Support of the Motion for Reconsideration, attaching a California Supreme Court case, *Yvanova v. New Century Mortgage Corporation*, 62 Cal. 4th 919 (2016). *Id.* at 1778–1810. U.S. Bank objected to the Request for Judicial Notice on the grounds that the filing was late, and that *Yvanova* was irrelevant to the arguments raised in Manrique's Request for Judicial Notice. *Id.* at 1815–16. On April 7, 2016, the Bankruptcy Court denied Appellant's Motion for Reconsideration. *Id.* at 1824–25.

On April 14, 2016, Manrique appealed the Bankruptcy Court's Order Overruling Debtor's Objection to Proof of Claim No. 3 Filed by U.S. Bank National Association and the Bankruptcy Court's Order Denying Debtor's Motion to Reconsider Order Denying Claim Objection to this Court. Notice of Appeal (Dkt. 1). Appellant filed his Opening Brief on July 13, 2016 (Dkt. 14). Appellee filed its Reply Brief on September 12, 2016 (Dkt. 18). Appellant's Reply was due on or before September 26, 2016. *See* Fed. R. Bankr. P. 8018. No Reply was forthcoming from Appellant.

**II.   LEGAL STANDARD**

"A bankruptcy court's denial of a motion for reconsideration is reviewed for an abuse of discretion." *In re Negrete*, 183 B.R. 195, 197 (B.A.P. 9th Cir. 1995), *aff'd,* 103 F.3d 139 (9th Cir. 1996). In the Ninth Circuit, there is a two part test to determine whether a court abused its discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009); *see also In re Marciano,* 459 B.R. 27, 34 (B.A.P. 9th Cir. 2011), *aff'd,* 708 F.3d 1123 (9th Cir. 2013) (applying the two part test to determine if a bankruptcy court abused its discretion). First, an appellate court looks to determine if the lower court applied the correct legal standard. *See Hinkson*, 585 F.3d at 1261–62. Second, the appellate court determines if the application of the legal standard was "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that

may be drawn from the facts in the record.'" *Id.* at 1292 (citing *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

### III. DISCUSSION

As an initial matter, the Court notes that Manrique's appeal of the Bankruptcy Court's Order Denying the Claim Objection is time-barred. All appeals of Bankruptcy orders must be filed within fourteen days of their issuance. Fed. R. Bankr. P. 8002(a)(1). The Order Denying Claim Objection was issued in 2015, and Appellant did not file his notice of appeal until April 2016. Appellants appeal is not timely. Although initially technically represented by an attorney, the Court believes Appellant has large had to represent himself. The Court appreciates it is difficult to navigate the bankruptcy rules of procedure without good advice from counsel. However, "[t]he provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994). Therefore, the Court cannot review the Order Denying the Claim Objection and will review only the Bankruptcy Court's Order Denying the Motion for Reconsideration.

A motion for reconsideration in the bankruptcy context is construed as a motion for relief from a judgment or order under Federal Rule of Civil Procedure Rule 60. *In re Negrete*, 183 B.R. at 197. Rule 60(b) reads:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

          (4) the judgment is void;

          (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

          (6) any other reason that justifies relief.

In his Motion for Reconsideration, Manrique contended (1) that the Loan note was not a negotiable instrument; (2) that the Bankruptcy Court considered evidence that was not properly admissible; (3) the Bankruptcy Court improperly took judicial notice of documents; and (4) U.S. Bank failed to show that it was owed the debt, and therefore should not be able to seek to collect the debt. *Id.* at 285–301. Manrique also sought to introduce additional documents to support his arguments.

Although at the time of the Motion for Reconsideration Manrique was nominally represented by counsel, the bankruptcy court read the Motion with the same kind of liberality used in reading *pro se* filings. Op'n. Br. App'x at 1850. The bankruptcy court noted that Manrique cited only Rule 60(b)(6) in his Motion, but the court considered arguments that Manrique might have intended to raise with respect to 60(b)(1), (2), and (3) as well.

As to any Rule 60(b)(1) argument that there was some sort of "mistake, inadvertence, surprise, or excusable neglect," the court found Manrique had failed to identify any mistake. *Id.* at 1858. Further, the Court found that to the extent Manrique was asserting generally that the court's decision was flawed, the proper avenue for relief was an appeal, not motion for reconsideration filed months later. *Id. See also In re Negrete*, 183 B.R. at 198 (upholding a denial of a motion for reconsideration where the appellant merely challenged the substance of the original ruling.).

Manrique sought to introduce two documents filed with the Securities and Exchange Commission. The court found that under 60(b)(2) this evidence was not "newly discovered evidence that, with reasonable diligence, could not have been discovered" before the filing of the original Objection. *Id.* at 1853. These documents had been freely accessible to the public for many years, and the court determined Manrique should reasonably have known about them at

the time of the Objection. *Id.* Further, the court found that Manrique had not explained how the documents would affect the court's ruling. Manrique made no argument to explain why he had been unable to unearth these documents before then. *See id.* at 290–93.

The court found that under Rule 60(b)(3), Manrique had failed to identify any fraudulent activity by U.S. Bank. *Id.* at 1857. Instead, the Court found that Manrique appeared to suggest that U.S. Bank ought to have attached additional documents, even though there was no requirement under the relevant rule that U.S. Bank do so. *Id.* at 1857 (citing Fed. R. Bankr. P. 3001).

Finally, the court found that as to Manrique's Rule 60(b)(6) argument, Manrique had failed to raise an argument that was separate from Rule 60(b)'s other subsections and would therefore warrant relief under Rule 60(b)(6). *See In re Negrete*, 183 B.R. at 197 ("Relief from judgment for 'any other reason' under Fed. R. Civ. P. 60(b)(6) should be limited only to exceptional or extraordinary circumstances, and the moving party bears the burden of establishing the existence of such circumstances.").

As to the first prong of the abuse of discretion standard, the Court is satisfied that the bankruptcy court properly identified the applicable legal standard. The bankruptcy court specifically cited the Rule 60(b) standard and correctly identified the tests for each sub-part. *See* Op'n. Br. App'x at 1851–68. Indeed, Appellant does not appear to argue that that the bankruptcy court failed to apply the correct legal standard.

Further, the Court does not find that any of the bankruptcy court's determinations were illogical, implausible, without support in inferences that may be drawn from the facts in the record. The Court agrees with the bankruptcy court's conclusion that many of these arguments can only appropriately be raised on direct appeal and that the remaining arguments do not warrant overturning the bankruptcy court's order.

In his Opening Brief, Manrique largely focuses on the issue of whether U.S. Bank owns the deed of trust and note, and cites *Yvanova*, 62 Cal. 4th at 938, in support of his argument. *See generally*, Op'n. Br. However, these issues are not properly before this Court, so the Court will not review the bankruptcy court's findings on these matters.

Accordingly, the Court AFFIRMS the bankruptcy court's Order Denying Debtor's Motion to Reconsider Order Denying Claim Objection.

## IV. DISPOSITION

Manrique's appeal of the Bankruptcy Court's Orders is DENIED. The Clerk shall serve this minute order on the parties.

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

DATED: November 18, 2016

cc Bankruptcy Court and BAP